LOUIS GOLDSTEIN, Respondent, *v.* THE PULLMAN COMPANY, Appellant.

Sleeping car company — liability of company for loss of baggage and personal effects of passenger based on negligence — duty of company — evidence — when proof that baggage of passenger placed by car porter by side of passenger's berth was taken during the night sufficient to put company on its defense.

1. The basis of the liability of a sleeping car company for the loss of baggage, money or other personal effects of passengers is negligence. The company is not an insurer held, as such, without proof of negligence, to the strict accountability of innkeepers and common carriers of goods under the ancient rigid rule of the common law.

2. A sleeping car company, as to the baggage, money and personal effects of its passengers, is *quasi* bailee for hire and *quasi* watchman. In either case its duty at night, when the passengers are at rest, is one of vigilance so that the passenger may not lose his property through its inattention.

3. Where, in an action against a sleeping car company for the value of a satchel and its contents, plaintiff proved that when he went to bed he left the satchel in the aisle by his berth, where the porter had placed it when plaintiff entered the car, and that in the morning the satchel was gone, whereupon defendant gave no evidence and moved for the direction of a verdict, it was error for the trial court to dismiss the complaint. The loss is inconsistent with proper care; the facts are in the possession of the company, and the proof was sufficient to put it on its defense,

*Goldstein* v. *Pullman Co.*, 161 App. Div. 756, affirmed.

(Argued April 4, 1917; decided May 1, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1914, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of defendant and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clifton P. Williamson, Allan McCulloh* and *William Carrell Diamond* for appellant. Proof of negligence on the part of defendant was an essential part of plaintiff's case. (*Tracy* v. *Pullman Palace Car Co.*, 67 How. Pr. 154; *Carpenter* v. *N. Y., N. H. & H. R. R. Co.*, 124 N. Y. 53; *Adams* v. *New Jersey Steamboat Co.*, 151 N. Y. 163; *Holmes* v. *North German Lloyd S. S. Co.*, 184 N. Y. 280; *Knierem* v. *N. Y. C. & H. R. R. R. Co.*, 109 App. Div. 709; *Williams* v. *Webb*, 27 Misc. Rep. 508.) The evidence wholly fails to show a single act or omission on the part of appellant upon which can be based a charge of negligence. (*Springer* v. *Pullman Co.*, 234 Penn. St. 172.) There was no bailment. Consequently mere proof that the bag was missing and could not be found was not sufficient *prima facie* to establish negligence. (*Stewart* v. *Stone*, 127 N. Y. 500; *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363; *Regan* v. *Burr & Co.*, 159 App. Div. 131; *Bergheim* v. *G. E. Ry. Co.*, L. R. [3 C. P. Div.] 221; *Sherman* v. *Pullman Co.*, 79 Misc. Rep. 52.)

*Arthur B. Hyman* for respondent. The duty of the sleeping car company toward its passengers is that of an ordinary bailee for hire, and it is bound to keep a sufficient watch and guard over the property of the passengers in its care; it must use reasonable caution to guard its passengers from theft, and if, through the want of such care, such personal effects of the passenger as he may reasonably carry with him, regard being had to the character, duration and purposes of the journey and the passenger's station in life, are stolen, through no fault of his, the company is liable. (*Weingart* v. *Pullman Co.*, 58 Misc. Rep. 187; *Irving* v. *Pullman Co.*, 84 N. Y. Supp. 248; *Arthur* v. *Pullman Co.*, 44 Misc. Rep. 229; *Pullman Palace Car Co.* v. *Freudenstein*, 3 Col. App. 540; *Kates* v. *Pullman Palace Car Co.*, 95 Ga. 810; *McMurray* v. *Pullman Palace Car Co.*, 169 Mass. 315; *Wicher* v. *Boston & A. R. Co.*, 170 Mass. 275; *Chamberlain* v. *Pull-*

*man Palace Car Co.*, 55 Mo. App. 474; *Efron* v. *Wagner Palace Car Co.*, 59 Mo. App. 641; *Falls River & M. Co.* v. *Pullman Palace Car Co.*, 4 Ohio N. P. 26; *Stevenson* v. *Pullman Palace Car Co.*, 43 S. W. Rep. 33.) Proof that the porter took the plaintiff's satchel, carried it into the car and placed it alongside his berth, where the plaintiff left it when he retired for the night; that in the morning when he was awakened by the porter between five and five-thirty for the purpose of permitting him to detrain at Wheeling the satchel had disappeared; and that the defendant failed and refused to deliver it or account for its whereabouts is sufficient to shift the burden of evidence to the defendant to show that it exercised the high degree of care required by the circumstances. (*Pullman Company* v. *Schaffner*, 126 Ga. 609; 9 L. R. A. [N. S.] 406; *Kates* v. *Pullman Palace Car Co.*, 95 Ga. 810; *Irving* v. *Pullman Co.*, 84 N. Y. Supp. 248; *Croll* v. *Pullman Co.*, 61 Misc. Rep. 265; *Arthur* v. *Pullman Co.*, 44 Misc. Rep. 229; *Williams* v. *Webb*, 27 Misc. Rep. 508; *Sherman* v. *Pullman Co.*, 79 Misc. Rep. 52; *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363; *Pullman Co.* v. *Freudenstein*, 3 Col. App. 540; *Griffin* v. *Manice*, 166 N. Y. 195; *Russell Mfg. Co.* v. *N. H. Steamboat Co.*, 50 N. Y. 127; *Lewis* v. *N. Y. S. Car Co.*, 143 Mass. 267.)

POUND, J. This action is brought to recover the value of a satchel and contents consisting of ordinary clothing and a diamond scarf pin. Plaintiff having paid for transportation and Pullman accommodation, took the night train at about 10:30 o'clock at Cincinnati for Wheeling. The porter escorted him into the sleeping car, carrying the satchel and depositing it at the proper berth, which had been made up. Plaintiff before going to bed went into the wash room, taking his satchel with him, in order to prepare some changes in his linen so that he might be ready to leave the train when he reached his destination, at 5:30 o'clock the next morning. He there put his dia-

mond scarf pin, eyeglasses, collar and tie into the satchel, took it back to the berth, left it in the aisle as the porter had left it and went to bed at about eleven o'clock. In the morning when he arose the satchel was gone. He notified the porter who aroused the sleeping Pullman conductor. They searched for it in vain. Wherefore he brought suit.

At the trial in the Municipal Court of the city of New York plaintiff gave proof of the above facts and rested his case, whereupon the defendant gave no evidence and moved for the direction of a verdict. The court dismissed the complaint for failure of proof. The Appellate Term of the Supreme Court for the first judicial department affirmed the judgment of dismissal. The Appellate Division reversed the determination of the Appellate Term and the judgment of the Municipal Court and ordered a new trial. Defendant appeals to this court by permission of the Appellate Division and with the proper stipulation for judgment absolute in case of affirmance.

The rule of law governing the liability of sleeping car companies for the loss of baggage, money or other personal effects of a passenger is not in dispute. The ground thereof is negligence. They are not insurers, held as such, without proof of negligence, to the strict accountability of innkeepers and common carriers of goods under the ancient rigid rule of the common law. (*Carpenter* v. *N. Y., N. H. & H. R. R. Co.*, 124 N. Y. 53; *Adams* v. *New Jersey Steamboat Co.*, 151 N. Y. 163.) The ground of responsibility is the same as to all passengers, whether they use sleeping berths or seats in an ordinary coach, though the degree of care required is different. (*Adams Case, supra,* p. 170.) The result of the controversy thus depends upon plaintiff's success or failure in making out a *prima facie* case of negligence. "The mere proof of the loss of money by a passenger while occupying a berth does not make out a *prima facie* case, and to sustain a recovery some evidence of negligence on the part of the defendant must be given" (FOLLETT, Ch. J., in *Car-*

*penter Case, supra,* p. 57); " more must be shown than mere loss." (*Lewis* v. *N. Y. Sleeping Car Co.,* 143 Mass. 267; *Whicher* v. *Boston & Albany R. R. Co.,* 176 Mass. 278.) The defendant urges that if the facts proved herein are held to constitute negligence on the part of the defendant, without other evidence explaining the disappearance of the satchel, the difference in the liability of innkeepers and sleeping car companies is obliterated and the latter are in effect held as insurers against theft. (*Springer* v. *Pullman Co.,* 234 Penn. St. 172.)

The rule is not so strictly applied against the passenger and in favor of the sleeping car company. What is said as to mere loss as evidence of negligence in the two New York cases above cited must not be read too literally apart from the context. Plaintiff in the *Carpenter* case proved only the familiar circumstances of the arrangement of a sleeping car, the stoppings of the train to take on and let off passengers and the varied duties of the solitary porter. If these facts are evidence of negligence, common knowledge and experience teach that negligence is so usual that proof is unnecessary to make the court aware of it. Facts of universal notoriety need not be proved. (*Brown* v. *Piper,* 91 U. S. 37). The court then said that the evidence was sufficient to put the defendant to its proof and, in the absence of any explanation, to make a question for the jury, because the company was " bound to have an employee charged with the duty of carefully and continually watching the interior of the car while berths are occupied by sleepers." In the *Adams* case the learned judge wrote to establish the strict liability of passenger steamboat companies and to emphasize the distinction between such companies and the sleeping car companies. He concerned himself not with the rules of evidence but with the rules of substantive law.

The tendency in the more modern decisions in cases like this is to put the company on its defense when the loss is inconsistent with the proper care and the facts are in its

possession, because "the thing itself speaks." CULLEN, J., in *Griffen* v. *Manice* (166 N. Y. 188, 193, 194), writing of *res ipsa loquitur*, says that negligence may be established by proof f circumstances in all cases; that "it is not the injury, but the manner and circumstances of the injury, that justify * * * the inference of negligence;" that "where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation;" that, therefore, in proper cases the jury may be permitted to infer negligence from the accident and the attending circumstances in the absence of an explanation, and that these rules are general, not confined to any particular class of cases, but applicable wherever issues of fact are to be determined. The surrounding circumstances here suggest that a loss ordinarily would not happen if care commensurate to the duty of active watchfulness had been exercised, and the burden should shift to the defendant to show what degree of care and diligence was actually exercised.

Shifting the burden of explanation does not change the rule of liability. "Proof of the non-delivery of property by a bailee upon demand, unexplained, makes out a *prima facie* case of negligence against such bailee in the care and custody of the thing bailed, and, in the absence of any evidence on his part, excusing such non-delivery, presents a question of fact as to the negligence of the bailee for the consideration of the jury" (*Canfield* v. *B. & O. R. R. Co.*, 93 N. Y. 532, 538; *Hasbrouck* v. *N. Y. C. & H. R. R. R.*, 202 N. Y. 363), but the burden remains with the plaintiff of persuading the jury that his contention is right. (*Heinemann* v. *Heard*, 62 N. Y. 448; *Farmers L. & T. Co.* v. *Siefke*, 144 N. Y. 354.) Where the liability is that of an insurer, proof of loss proves the case as a matter of judicial ruling and there is no risk of non-persuasion. (*Adams Case, supra.*)

The sleeping car company contends that it is not a bailee for hire unless it takes physical possession of the

passenger's hand baggage and personal effects, as in the *Hasbrouck Case* (*supra*). We fully agree with the learned court below that the question of possession at night should rest not so much upon the customary and somewhat casual handling of the baggage by the porter and his promises or assurances as upon the general obligations of the defendant. The possession of the company was not exclusive. It was charged with the duty of keeping an eye on the baggage rather than the duty of taking and keeping it for the owner to be returned to him when called for. Its duty was analogous to that of a servant and on historical grounds the servant is said not to have possession of the master's goods (Holmes, The Common Law, 277), while the liability of the bailee is based on possession. But it is unnecessary to make fine distinctions to determine the exact status of the sleeping car company. It is *quasi* bailee for hire and *quasi* watchman. In either capacity its duty at night when the passengers are at rest is one of vigilance so that the passenger may not lose his property through its inattention. When that duty is faithfully discharged, baggage does not as a rule disappear. The porter knows whether he " carefully and continually watched the interior of the car when berths were occupied by sleepers " and ought to be able to know where the plaintiff's baggage went between eleven o'clock at night and five o'clock the next morning, or to explain his ignorance. (*Kates* v. *Pullman's Palace Car Co.*, 95 Ga. 810.) This is a fair rule. The tradition that juries invariably find against a corporation defendant if given the opportunity to decide the question of fact is obsolescent if not obsolete.

The order of the Appellate Division should be affirmed, with costs in all courts, and judgment absolute directed for plaintiff on the stipulation.

CHASE, COLLIN, HOGAN, CARDOZO and ANDREWS, JJ., concur; CRANE, J., not sitting.

Order affirmed.