The other points raised by the defendant do not require consideration in the opinion.

The judgment should be affirmed.

HISCOCK, Ch. J., HOGAN and CRANE, JJ., concur with COLLIN, J., and CARDOZO, J., concurs in result; CHASE, J., reads dissenting opinion and McLAUGHLIN, J., concurs.

Judgment reversed, etc.

---

LOUIS GOODMAN, Respondent, *v.* CALEDONIAN INSURANCE COMPANY OF SCOTLAND, Appellant.

LOUIS GOODMAN, Respondent, *v.* THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant.

**Insurance — time — words " at noon " in standard fire insurance policy mean at noon standard time, not sun time — evidence — opinion of fireman as to how long a fire had been burning, inadmissible.**

1. The words " at noon " as used in the standard fire insurance policy mean at noon standard time, and not at noon sun time. (Ins. Law, L. 1909, ch. 33, § 121; Cons. Laws, ch. 28; Gen. Construction Law, L. 1909, ch. 27, § 52; Cons. Laws, ch. 22.)

2. Upon the question as to the time when a fire originated, a fireman, although one of the first to enter the burning building, was improperly allowed to express his opinion as to how long the fire had been burning.

*Goodman* v. *Caledonian Ins. Co.*, 170 App. Div. 936, reversed.

*Goodman* v. *Ins. Co. of State of Pennsylvania*, 170 App. Div. 936, reversed.

(Argued December 3, 1917; decided December 11, 1917.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 14, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Vernon Cole* for appellants. It was error for the court to receive in evidence the opinion of the fireman that the fire had been burning from half to three-quarters of an hour. (*Wittman* v. *City*, 80 App. Div. 585; *White* v. *Prudential Ins. Co.*, 120 App. Div. 260; *Dobbins* v. *Brown*, 119 N. Y. 188; *Moscato* v. *Prince Line*, 164 App. Div. 412.) It was error for the court to receive in evidence and to charge the jury that the sun or meridian time should govern rather than the standard time. (*G. & R. F. Ins. Co.* v. *Moffat Co.*, 154 Fed. Rep. 13.)

*Michael M. Cohn* for respondent. The evidence is sufficient to sustain the finding of the jury that the fire occurred before noon on July 29, 1914. (*Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 N. Y. 26; *Sheldon* v. *Hudson River R. R. Co.*, 14 N. Y. 218; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 347.) The testimony of fireman Riley as to how long the fire had been burning was proper. (2 Best on Ev. § 517; *Webber* v. *E. R. Co.*, 2 Metc. 147; *Porter* v. *Mfg. Co.*, 17 Conn. 249; *Transp.*

*Line* v. *Hope*, 95 U. S. 297; *Walsh* v. *W. M. Ins. Co.*, 32 N. Y. 427; *Wintringham* v. *Hayes*, 144 N. Y. 1; *Campbell* v. *Mayor, etc.*, 81 Fed. Rep. 182; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 347.) The testimony of Lieutenant Stevens relative to the difference between sun time and standard time was proper and the judge's charge relative thereto was correct. (*Darrow* v. *Family Fund Society*, 116 N. Y. 537; *I. S. B. Co.* v. *Jewett*, 169 N. Y. 143; *Janneck* v. *Met. L. Ins. Co.*, 162 N. Y. 574; *Paskusz* v. *P. C Co.*, 213 N. Y. 22; *Jones* v. *German Ins. Co.*, 110 Iowa, 75; *Meyer* v. *Phœnix Ins. Co.*, 12 Ins. L. J. [N. S.] 192; *Henderson* v. *Reynolds*, 84 Ga. 159; *Searles* v. *Averhoff*, 28 Neb. 668.)

McLAUGHLIN, J. Actions upon two policies of fire insurance. By stipulation both actions were tried together and a single verdict rendered, the amount of which, by agreement of counsel, was apportioned between the defendants. Judgments were entered upon the verdict, which were unanimously affirmed by the Appellate Division, and an appeal taken to this court. The appeal is also, by stipulation, presented by one record.

The policies were of the standard form and insured ready-made clothing in a store in the city of Buffalo " from the 29th day of July, 1913, at noon, to the 29th day of July, 1914, at noon." The difference between sun time and standard time at Buffalo is 15 minutes and 36 seconds. Did the parties mean, by the use of the words "at noon," sun or standard time? The answer to this question became a very important one at the trial, in view of the time the fire occurred. There was very little evidence offered bearing upon the subject as to just when the fire started. The plaintiff testified that he left his store, fastened the windows and locked the doors at 22 minutes of 12 o'clock noon according to his watch, and 20 minutes of 12 o'clock noon according to a clock

in a nearby store. Whether he meant noon by standard or sun time does not appear. The alarm of fire reached the fire department at 31 minutes past 12 o'clock standard time. It was promptly responded to and when the firemen reached the building and forced an entrance, they found plaintiff's store filled with smoke and the fire smouldering in some clothing piled on a table. Substantially the only other evidence bearing upon the question as to when the fire originated was that given by one of the firemen, who testified that in his judgment the goods on fire had been burning, when he entered the store, from one-half to three-quarters of an hour.

The finding of the jury determined that the policies were in force when the fire occurred, but their finding may have been based upon the court's charge that the words "at noon" meant at noon, sun time, and not at noon, standard time. The court correctly held that the words "at noon" were not ambiguous and that the construction of the policies was for the court, but he erred, I think, in holding that the words "at noon" meant sun time and in not instructing the jury that such words meant standard time. The policies, as indicated, were of the standard form, a form prescribed by statute, which the defendants had to use. Indeed, neither party had anything to say about the form of the policies and the words at noon were not selected by them; they were imposed alike upon the insurer and insured by legislative enactment. (Insurance Law, section 121, Laws of 1909, chap. 33, Cons. Laws, ch. 28; Richards on Insurance [3d ed.], section 227 and Append., p. 719.) The subject-matter of the insurance was located in Buffalo and the contract was there to be performed. Under such circumstances, I think it must be held that the parties intended, by the use of the words at noon to mean at noon standard time, and not at noon sun time. This conclusion seems to me necessarily to follow from the provisions of the statute relating to time. The

General Construction Law (Laws of 1909, chap. 27, § 52, Cons. Laws, ch. 22) provides that " the standard time throughout this state is that of the seventy-fifth meridian of longitude west from Greenwich * * * " and the 53rd section of the same act is, " any act required by or in pursuance of law to be performed at or within a prescribed time, shall be performed according to the standard time."

This view of the meaning to be ascribed to the words "at noon," as used in standard policies, is the one apparently entertained by the Circuit Court of Appeals, second circuit. (*Globe & Rutgers Fire Ins. Co. of New York* v. *David Moffat Co.*, 154 Fed. Rep. 13.) There, the court had under consideration the meaning of such words. Judge LACOMBE, who delivered the opinion of the court, referring to the New York statute above quoted relating to time, said if the contract were one to be performed in New York " the answer would be easy. * * * It would require very strong evidence to show that in a contract for a term of insurance upon property in this city [New York] the parties intended that the term should be measured otherwise than by standard time."

In the present case there is absolutely no evidence to show that the parties did not intend to contract with reference to standard time and the court erred in not so instructing the jury.

It is also urged that the court erred in permitting one of the firemen to express an opinion as to how long the fire had been burning when he entered the plaintiff's store. This witness had been a fireman for many years and had seen many fires. He was one of the first to enter the store. He said it was filled with smoke and the fire was smouldering in clothing on a table. He was then permitted, against defendants' objection, to express an opinion as to how long the fire had been burning. Upon the facts in this case I do not think the witness was

qualified to express an opinion or that upon such facts the opinion of any witness could be received.

The judgments of the Appellate Division and Trial Term should, therefore, be reversed and a new trial ordered, with costs to appellants to abide event.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, POUND and CRANE, JJ., concur.

Judgments reversed, etc.