MARY MASLENKA, Appellant, *v.* VIOLA M. BRADY, Respondent.

Second Department, June 18, 1919.

Negligence — injury to janitress by fall of dumb-waiter — appeal — rights of plaintiff upon appeal after dismissal of complaint — res ipsa loquitur — circumstantial evidence.

In an action by a janitress in a tenement or apartment house against the owner thereof for injuries sustained by the falling of a dumb-waiter caused by defective ropes by which it was suspended, of which defect the defendant had notice two weeks before the accident, but neglected to repair the same, the complaint was dismissed.

*Held*, that in view of the dismissal of the complaint, entitling the plaintiff to the most favorable view of the evidence and all other reasonable inferences therefrom favorable to her side, the evidence was sufficient to support an inference that the negligent failure to repair the appliance after warning caused the accident.

The doctrine of *res ipsa loquitur* is an expression of a branch of the law of circumstantial evidence.

The law of circumstantial evidence is that the facts shown must all be consistent with the existence of the fact to be proved, and inconsistent with any other reasonable hypothesis; but where the mechanism is exclusively in the care and control of the defendant, the plaintiff need not exclude every reasonable hypothesis other than the want of care; and when facts are shown justifying the reasonable inference of negligence, and apparently but not necessarily of that only, it is for the defendant to furnish an explanation of the occurrence that is consistent with the exercise of due care on his part.

APPEAL by the plaintiff, Mary Maslenka, from a judgment of the County Court of Westchester county in favor of the defendant, entered in the office of the clerk of said county on the 18th day of February, 1919, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Albert C. Jordan* [*Herman D. Furman* with him on the brief], for the appellant.

*William F. Bleakley*, for the respondent.

BLACKMAR, J.:

The plaintiff was a janitress in a tenement or apartment house owned by the defendant. It was part of her duties to collect the garbage from the tenants by means of a dumb-waiter and to dispose of it. While she was in the lower part

of the building, performing this duty, the dumb-waiter fell and injured her hand. She brought this action, alleging negligence on the part of defendant. Her complaint was dismissed at the end of her case, and she appeals to this court.

Much appears in the briefs regarding the doctrine of law that goes under the name *res ipsa loquitur,* and many cases are cited where the meaning and scope of the doctrine are discussed with great learning and diversity of opinion. I do not know of any rule of law, whether expressed in the English or the Latin language, that has given rise to more discussion and to a greater divergence of views as to its meaning and application. I think it unfortunate that the expression was ever coined. In the discussion of this case I propose to put aside its use and all definitions and explanations of it, except to say that it is nothing more than an unfortunate expression of a branch of the law of circumstantial evidence. This has been clearly set forth by Judge CULLEN in *Griffen* v. *Manice* (166 N. Y. 188) and it would be well to stop with the following clear and definite exposition of the maxim, taken from the opinion (p. 193): " The ' *res,*' therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence. The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present. Neither of these rules — that a fact may be proved by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation — is confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal actions."

The question then is, do the circumstances shown in this case justify an inference of negligence or want of ordinary care on the part of the defendant in supplying the dumb-

waiter for the use of the plaintiff? The dumb-waiter, so far as sufficiency of construction and maintenance was concerned, was in the exclusive control of the defendant. It was suspended on a rope or ropes. The only inference from the evidence is that the ropes were insufficient; it was apparent that a fall of the dumb-waiter would probably be dangerous to one using it; and it was the duty of the defendant to use due care to prevent that very thing. Two weeks before the accident happened, the defendant was warned by the plaintiff that the rope was weak. The defendant told the plaintiff's husband to repair it. He replied that he was a baker and did not know how to fix ropes. The defendant then said she would have a man from Otis repair it; but, so far as the record discloses, she did nothing, and about two weeks thereafter the rope broke and the dumb-waiter fell. It is a permissible inference that it fell because of her neglect.

The law of circumstantial evidence is that the facts shown must all be consistent with the existence of the fact to be proved, and inconsistent with any other reasonable hypothesis; but where the mechanism is exclusively in the care and control of the defendant, the plaintiff need not exclude every reasonable hypothesis other than the want of care; and when facts are shown justifying the reasonable inference of negligence, and apparently but not necessarily of that only, it is for the defendant to furnish an explanation of the occurrence that is consistent with the exercise of due care on his part.

As the complaint was dismissed, the plaintiff is entitled to the most favorable view of the evidence and of every reasonable inference therefrom favorable to her side. The evidence so considered is sufficient to support an inference that the negligent failure to repair the appliance after warning caused the accident. This was enough to put the defendant upon her proof.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

MILLS and RICH, JJ., concurred; JENKS, P. J., and PUTNAM, J., concurred in the result.

Judgment of the County Court of Westchester county reversed and new trial ordered, with costs to abide the event.