J. STUART SNEDDON, Respondent, *v.* JOHN BARTON PAYNE, Director General of Railroads, etc., Impleaded, etc., Appellant.

(Supreme Court, Appellate Term, First Department, January Term — Filed March, 1921.)

Negligence — action to recover for loss of a handbag — master and servant — evidence — bailments.

> While the conductor was examining and stamping the tickets of plaintiff, a Pullman passenger, the porter carried into the car plaintiff's luggage, consisting of overcoat, portfolio and handbag, and when not to exceed two minutes later plaintiff went into the car he found only his overcoat and portfolio. In an action against the director-general of railroads, as agent, to recover for the loss of plaintiff's handbag through the alleged negligence of defendant's servant, it appeared that while the examination of plaintiff's tickets was in progress the porter, whom it did not appear was a servant of defendant, came out of the car empty handed and left after being tipped by plaintiff. *Held,* that it could not be assumed that the bag was left in the custody of defendant so as to make it liable as an insurer.
>
> There being no basis in the evidence for a finding of negligence on the part of defendant a judgment in favor of plaintiff will be reversed and the complaint dismissed.

APPEAL by defendant Payne from judgment of the Municipal Court in the city of New York, borough of Manhattan, ninth district, in favor of plaintiff.

Alexander & Green (H. G. Ogden, of counsel), for appellant.

Reed, Dougherty & Hoyt (J. Hampden Dougherty, Jr., and J. W. Schoenfeld, of counsel), for respondent.

Guy, J. In this action against director general of railroads, as agent, plaintiff, a Pullman passenger on the Baltimore and Ohio system, has recovered judgment for $200 for the loss of his handbag through the alleged negligence of defendant's servants.

Plaintiff testified that about nine o'clock on the night of November 28, 1919, he purchased transportation and Pullman tickets from Chicago to Akron, O.; that he left the waiting room of the depot, got a red cap porter to take over his bag, overcoat and portfolio; stopped to send a telegram, keeping his eye all the time on the porter; passed through the gate after the gateman punched his ticket, and proceeded along the train platform to the entrance to the Pullman car; that he then attempted to board the car but was stopped by the Pullman porter, who asked plaintiff to give his ticket to the Pullman conductor, who was standing alongside; that there was one Pullman porter on the car for which plaintiff purchased a ticket; that there were several other passengers waiting to be taken care of by the Pullman conductor, and plaintiff again attempted to go on the car, but was asked by the Pullman conductor to wait and surrender his ticket; that the red cap porter then proceeded into the car carrying plaintiff's luggage, consisting of overcoat, portfolio and handbag with him; that the Pullman conductor and the porter then examined plaintiff's tickets, and while they were making the examination the red cap porter came out of the car empty-handed, having been inside the car about

a minute or a minute and a half; that when his tickets had been stamped by the Pullman conductor plaintiff went into the car, looked for his luggage, found only the overcoat and portfolio, but never found his bag. When the red cap porter came out of the car plaintiff tipped him, and the red cap porter then left. Not finding his bag plaintiff immediately notified the Pullman porter and the conductor and later the conductor of the train, and they all looked for the bag, but without result.

The facts do not warrant the assumption that the bag was left in the custody of the defendant so as to make defendant liable to plaintiff as an insurer. It does not appear that the red cap porter was the servant of the defendant; the facts indicate the contrary, and the trial judge apparently so decided. Nor is it satisfactorily established that the bag was left in the car. Assuming, however, that the red cap porter left the bag in the car, plaintiff to make out his case was required to show that his loss was sustained through defendant's negligence (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549; *Hasbrouck* v. *New York Central & H. R. R. R. Co.*, 202 id. 363; *Holmes* v. *North German Lloyd S. S. Co.*, 184 id. 280), and a finding of negligence against the defendant must be based upon the proposition that during the period of about two minutes which elapsed from the entry of the red cap porter upon the car until plaintiff entered, it was the duty of defendant's servants to have kept their eyes upon plaintiff's property; and that therefore the mere loss of the bag under the circumstances testified to made out a *prima facie* case. The ruling imposing liability on the defendant is not so rigorous. *Goldstein* v. *Pullman Co.*, *supra*, 552, 553. In the case cited the passenger's property disappeared during the night while the passengers were in their sleeping

berths, at which time the sleeping car company is required to be vigilant so that the passenger may not lose his property through the company's inattention. In this case, however, we see no basis for a finding of negligence on the part of the defendant.

Respondent makes the point that twice plaintiff was prevented from following the red cap porter into the car, and that the loss would not have happened if the conductor had allowed him access at the same time with the porter. This is undoubtedly true; but plaintiff's passage was barred, in accordance with a reasonable regulation, to give defendant an opportunity to examine his tickets; his progress was not stopped for more than two minutes; and it could not have been reasonably anticipated that the slight delay to which he was subjected in common with other passengers would result in the loss of his property.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs in the court below.

McCook, J., not sitting.

Judgment reversed, with thirty dollars costs.