JOHN L. HOOD, Respondent, *v.* THE PULLMAN COMPANY, INC., Appellant.

Supreme Court, Appellate Term. First Department, January Term — Filed February, 1923.

Carriers — loss of jewelry by Pullman passenger — when right to recover question for the jury.

While plaintiff was an overnight passenger in a Pullman sleeper his traveling bag, which in addition to things customarily carried by one on an extended journey contained a diamond pin of the value of $500, disappeared from the floor between berths. *Held*, that in an action to recover for the loss, it was for the jury to decide whether plaintiff took such care of the pin as was commensurate with the occasion, and that it was error for the trial justice to pass upon the question as one of law.

Judgment entered upon a verdict in favor of plaintiff reversed and a new trial ordered.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of the plaintiff, entered upon the verdict of a jury.

*Alexander & Green (Clifton P. Williamson and Edward W. Bourne,* of counsel), for appellant.

*Harry W. Newberger,* for respondent.

MULLAN, J. The plaintiff's traveling bag disappeared (from the floor of the car, between berths) while he was an overnight passenger in a Pullman sleeper. The Pullman Company concedes that the rule of *Goldstein* v. *Pullman Company,* 220 N. Y. 549, made it a question for the jury whether the company had exercised proper vigilance. It makes the point, however, that the question whether plaintiff himself had taken adequate care to protect certain of his property that was in the bag should also have been submitted to the jury. In addition to the traveling things customarily carried by one on an extended journey, the bag contained a diamond pin valued at $500. It is contended on behalf of the company that it should have been left to the jury to say whether such a small article, of a value so great as compared with that of the ordinary articles to serve a traveler's needs that are customarily carried in a traveling bag, should have been left overnight in the bag. The general rule laid down in the *Goldstein* case is based upon very general experience, appeals to reason, and is, indeed, almost a rule of necessity. A traveler in a sleeping car cannot procure a comfortable night's rest if he is compelled to guard and worry about a sizable traveling bag that cannot be stowed away in his bed. The traveler is under no such difficulty, however, in reducing the

probability of the loss of small pieces of jewelry that may be put away in some comparatively safe place.  It is common knowledge that many travelers, when retiring, put their small valuables under their pillows, or in some other part of the berth not readily accessible to one bent upon thievery.  It is not argued here that the plaintiff should, as matter of law, have done anything at all that he did not do.  It is contended merely that the jury should have been allowed to decide whether he took such care of the diamond pin as was commensurate with the occasion.  I am of the opinion that the point is well taken, and thus that it was error on the part of the learned trial justice to pass upon that question as one of law.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and McCOOK, JJ., concur.

Judgment reversed.