BENJAMIN A. STORMS, Appellant, *v.* GEORGE W. LANE, Respondent.

Fourth Department, March 14, 1928.

Negligence — res ipsa loquitur — action to recover for injuries suffered when stairs in livery stable fell while plaintiff was standing thereon — plaintiff was customer — stairs were under absolute control of defendant — defendant owed plaintiff duty of reasonable care — proof of falling of stairs controlled by defendant and relation of parties established prima facie case.

The plaintiff is seeking to recover damages for injuries suffered when stairs in a livery stable fell while he was standing thereon. The plaintiff established a *prima facie* case by showing that he was a customer of the defendant; that according to the practice of the defendant customers were permitted to go to the hay loft for the purpose of procuring hay for their horses; that the plaintiff went to the hay loft after he had stabled his horse and while descending the stairs with a bundle of hay in his arms the stairs gave way and he fell to the floor below suffering the injuries complained of.

The rule of *res ipsa loquitur* applies, since the plaintiff established the fact of the injury; that he was an invitee on the defendant's premises toward whom defendant owed the duty of exercising reasonable care for the plaintiff's safety; and that the stairs were under the absolute control of the defendant.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 2d day of June, 1927.

---

* Since amd. by Laws of 1926, chap. 457.— [REP.

*James T. Cross*, for the appellant.

*Michael J. Larkin*, for the respondent.

Hubbs, P. J.　The defendant operated a stable at Rome, N. Y., where he invited people generally to stable their horses. He charged for the privilege of stabling and also for the hay and feed used. The plaintiff, for several years, had been accustomed to use the stable for his horses when in the city. It had been the custom of the plaintiff and others to unhitch their horses outside of the stable, leaving the vehicle outside; to then place the horses in stalls where there was usually hay in the hay chute or in the manger, but when there was no hay either in the hay chute or in the manger, it was the practice of the person desiring to feed his horses hay to go upstairs and get it. That practice had been going on for many years to the knowledge of the defendant.

On the day in question the plaintiff placed his horses in stalls and found that there was no hay in one manger or hay chute. He thereupon went upstairs, secured an armful of hay and started to descend. When he placed his feet on the top step the stairs fell, precipitating him to the floor below. He received serious injuries from the fall and brought this action to recover damages for such injuries, alleging that the injuries were received because of the defendant's negligence.

At the close of the plaintiff's evidence the learned trial court dismissed the complaint on the merits upon the ground that the plaintiff had failed to produce evidence of the defendant's negligence. The plaintiff contended upon the trial that the fact that the stairs fell when he stepped upon the top step made a *prima facie* case. He invoked the doctrine of *res ipsa loquitur*.

The stairs consisted of two upright side pieces with steps between. The side pieces rested upon the floor of the barn and at one side the top rested against an upright post and the other side rested against a cross timber. The evidence does not disclose why they fell.

It should be noted that this is not a case of a defective step which caused the plaintiff to fall. The whole of the stairs gave way and fell to the first floor. We think that the doctrine of *res ipsa loquitur* applies and that the testimony offered by the plaintiff made a *prima facie* case.

The plaintiff was an invitee, and the defendant owed him the duty to maintain the premises in at least a reasonably safe condition. (*Griffen* v. *Manice*, 166 N. Y. 188; *Bayley* v. *Curtis Bros. Lumber Co.*, 124 App. Div. 496.)

The stairs were upon the defendant's premises, within his exclusive

control, and were known to be used by the defendant's customers, for the purpose for which the plaintiff was using them. The defendant was using the premises for a business purpose, he invited the plaintiff there for the purpose of gain, and owed him a duty while on the premises to maintain them in at least a reasonably safe condition. In Shearman and Redfield on Negligence (Vol. 1 [5th ed.], § 59) the rule, which we think applicable, is stated as follows: " § 59. Presumptions of negligence.— In many cases, the maxim ' res ipsa loquitur ' applies. The affair speaks for itself. The accident, the injury, and the circumstances under which they occurred, are in some cases sufficient to raise a presumption of negligence, and thus cast upon the defendant the burden of establishing his freedom from fault. Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured any one, is enough to make out a presumption of negligence. When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care. So, also: ' where it is shown that the accident is such that its real cause may be the negligence of the defendant, and that, whether it is so or not, is within the knowledge of the defendant, the plaintiff may give the required evidence of negligence, without himself explaining the real cause of the accident, by proving the circumstances, and thus raising a presumption that, if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant.' "

That section was quoted by Judge CULLEN in his opinion in the case of *Griffen* v. *Manice* (*supra*). In that case an elevator in an office building fell, causing the death of the plaintiff's intestate, who was a passenger. It was contended in that case that the rule *res ipsa loquitur* applied only in cases of injury to persons on a public street or where the contractual relation of carrier or bailee existed. It was decided, however, that the rule is not confined to any particular class of cases, but is applicable " wherever issues of fact are to be determined." The opinion contains a quotation from *Breen* v. *N. Y. Central, etc., R. R. Co.* (109 N. Y. 297) as follows: " There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient

6

evidence that the accident arose from want of care on its part."
The opinion further says: " But the question in every case is the
same whether the circumstances surrounding the occurrence are
such as to justify the jury in inferring the fact in issue." The
decision in that case has never been restricted in this State, so far as
we have been able to ascertain. In fact, it seems that it has been
extended and made more liberal in its application.

In *Plumb* v. *Richmond Light & R. R. Co.* (233 N. Y. 285) it was held
to apply in a case where a passenger was injured while riding on the
running board of a trolley car which came into collision with a truck.

In *Goldstein* v. *Pullman Co.* (220 N. Y. 549) it was applied in a case
where the satchel of a passenger in a Pullman car disappeared
in the night. In that case Judge Pound wrote: " The tendency in
the more modern decisions in cases like this is to put the company
on its defense when the loss is inconsistent with the proper care
and the facts are in its possession, because ' the thing itself speaks.' "

In determining whether the rule applies courts have been
influenced by the fact that the evidence which would afford an
explanation of the accident is in the possession of the defendant.
In presenting his case the plaintiff must, however, offer testimony
of more than the mere fact of injury. He must establish the
surrounding circumstances, and that the injury was caused by
something under the control of the defendant, and that the defend-
ant owed him a duty. The measure of the defendant's duty will
depend upon the relation of the parties. (15 Col. L. R. 613.)

In the case at bar it appears that the stairs were owned by and
under the exclusive control of the defendant; that the premises were
used for a business conducted by him for profit and that the plaintiff
was an invitee. The fall of the stairs was an occurrence so unusual
and extraordinary that it may be presumed that there was some
cause therefor, which, in the absence of explanatory evidence,
establishes the plaintiff's *prima facie* case and casts upon the
defendant the duty of explanation.

The judgment and order should be reversed upon the law and
a new trial granted, with costs to the appellant to abide the event.

All concur. Present — Hubbs, P. J., Clark, Sears, Crouch
and Sawyer, JJ.

Judgment reversed on the law and a new trial granted, with costs
to appellant to abide the event.