In the Matter of the Estate of SAM MINDLIN, Deceased. MAX MINDLIN and CHARLES S. MINDLIN, Appellants; ESTHER MINDLIN, as Administratrix, etc., of SAM MINDLIN, Deceased, Respondent.— Order of the Surrogate's Court of Queens county dated October 20, 1932, denying motion to dismiss the proceeding or to change the venue, and order dated November 4, 1932, in so far as it denies said motion, affirmed, with fifty dollars costs and disbursements against appellants. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

In the Matter of the Application of ROSA ROTH and Others, as Executors, etc., of HENRY ROTH, Deceased, Respondents, for Leave to Commence an Action against JOSEPH ABRAMOWITZ, Appellant, to Recover Part of a Mortgage Debt.— Order granting leave to commence and maintain action to recover part of mortgage debt affirmed, with ten dollars costs and disbursements. We do not determine that the amount for which the property was bid in was its value. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

In the Matter of the Application of ANTHONY ZAWILSKI, Appellant, v. PRAHL CONSTRUCTION CORPORATION and NATIONAL SURETY COMPANY, Respondents, for an Order Requiring said Prahl Construction Corporation and National Surety Company to Submit Certain Differences between the Parties to Arbitration.— Order denying motion to require respondents to submit to arbitration reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Service of the amended answer by appellant superseded the original answer, and failure to allege in the original answer a demand to arbitrate was corrected by including such allegation in the amended answer. While improperly pleaded, such allegation " is no less an assertion that the defendant does not intend to abandon his rights, and so rebuts any inference that would otherwise be drawn from the mere service of the answer." (*Nagy* v. *Arcas Brass & Iron Co., Inc.*, 242 N. Y. 97.) Such delay on appellant's part as there was in this case does not constitute a waiver of his right to claim a settlement by way of arbitration. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

GEORGE KATZ, Appellant, v. FREDA GOLDRING, Respondent.— Judgment and order reversed on the law and a new trial granted, costs to appellant to abide the event. We are of opinion that the doctrine of *res ipsa loquitur* applies, that actual or constructive notice need not be proved, the defect being apparently structural in its nature; and that the court erred in its charge at folios 160–163 in that respect and in failing to charge as requested at folio 170. (See *Storms* v. *Lane*, 223 App. Div. 79; *Griffen* v. *Manice*, 166 N. Y. 188; *Marceau* v. *Rutland R. R. Co.*, 211 id. 203.) Lazansky, P. J., Tompkins and Davis, JJ., concur; Kapper and Scudder, JJ., dissent and vote to affirm.

H. KLEIN, INC., Respondent, v. LEHOFF HOLDING CORPORATION, Appellant.— Order modified by adding thereto a provision for a stay of the order for twenty days to enable defendant to procure a cessation by its other tenant of violation of covenant. As so modified the order is affirmed, with ten dollars costs and disbursements to respondent. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.