Francis Bergan, J.
In circumstances appropriate to the application of the doctrine of res ipsa loquitur, a prima facie case of negligence results from the establishment of facts which invoke the doctrine (George Foltis, Inc., v. City of New York, 287 N. Y. 108). Essentially, the rule is one which affects the “degree of proof ” required “under certain circumstances” (Courtney v. Gainsborough Studios, 186 App. Div. 820).
Since it is not invoked by the occurrence of every unexplained accident, it becomes important in this case to examine the kind of circumstances which call for its application. It arises from a relationship between the parties under which a duty of care to the injured party is chargeable to the other. The duty of a common carrier to a passenger is a familiar instance (Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380). But a contractual relationship is not essential, and the relationship of the parties becomes material only to the extent that it may define the measure of duty imposed on the defendant (Griffen v. Manice, 166 N. Y. 188, 193). The test is whether the occurrence itself reasonably may lead to the inference of negligence against a party who has exclusive control of the instrumentality of injury (George Foltis, Inc., v. City of New York, supra, pp. 116, 117).
When it may lead to such an inference, the plaintiff is said to have established a prima facie case of negligence. In such a case, plaintiff need not exclude every reasonable hypothesis other than want of care (Maslenka v. Brady, 188 App. Div. 661, 663). “ Given defendant’s responsibility for such causal act or omission, and it is sufficient if the inference that it occurred as alleged fairly preponderates over any other inference or conclusion that may be drawn from the evidence.” (Huscher v. New York & Queens Elec. Light & Power Co., 158 App. Div. 422, 424.) The event must usually be one in which the defendant’s control is such that he is peculiarly able to give an explanation inconsistent with negligence if one is to be given.
Here plaintiff was a guest in a hotel. The hotel owed him the duty of providing accommodations that were reasonably safe for the use contemplated by the parties and, where it furnished appliances, of furnishing them in such a condition that with ordinary use they would be reasonably safe. The hotel rented the room and appliances and it had them under its exclusive control in respect of installation and maintenance. The hotel retained such control of the equipment it furnished, notwithstanding that it furnished'plaintiff with possession of the *400 equipment while he was a guest (de Wolf v. Ford, 193 N. Y. 397). The room in the inn is regarded as part of “ the house of the innkeeper.” (Rodgers v. People, 86 N. Y. 360.)
The turning of the bathroom fixture would ordinarily not cause this injury or reasonably be expected to cause it. ‘ ‘ When, a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.” (Storms v. Lane, 223 App. Div. 79, 81, Hubbs, P. J., in quoting Shearman & Bedfield on Negligence [vol. 1, § 59].) Courts ' ‘ have been influenced by the fact that the evidence which would afford an explanation of the accident is in the possession of the defendant ” (p. 82). Here, as in the Storms case, where a stairs fell, injuring an invitee, it may be said that the occurrence is ‘' so unusual and extraordinary that it may be presumed that there was some cause therefor, which, in the absence of explanatory evidence, establishes the plaintiff’s prima facie case and easts upon the defendant the duty of explanation ” (p. 82).
This is not a case where there is a division in the responsibility for the proper installation and maintenance of the equipment between the hotel and plaintiff or, insofar as the duty of the hotel to the plaintiff is concerned, between the hotel and any other party. Such a divided control or responsibility may exist where a landlord, having vested control in a tenant, is not in possession of the premises or in a position to observe a dangerous condition over a period of some years (Slater v. Barnes, 241 N. Y. 284); where there is a divided responsibility between architect and contractor (Hardie v. Boland Co., 205 N. Y. 336); and where the instrument was susceptible of being made dangerous by the meddling acts of strangers (Huscher v. New York & Queens Elec. Light & Power Co., supra, p. 428). But there was no division in control or responsibility in the duty of the hotel, having accepted him as a guest, to furnish reasonably safe facilities to this plaintiff. The hotel’s duty to plaintiff was singular and it certainly was not divided with plaintiff as defendants argue, at the point where plaintiff assumed occupancy of the room.
But, the argument continues, plaintiff himself was an actor in the event which caused his injury, and to bring himself within the doctrine, the injured party must be the inert object of the negligent act. This suggests an innovation; its application would engraft a new condition which has never been a test *401 for the application of the doctrine. Negligence may be established prima facie, though the injured party, in one way or another, acts in the situation. The doctrine is not confined to any particular class of cases (Goldstein v. Pullman Co., 220 N. Y. 549, 554). A good example of the point is Gustavson v. Thomas (227 App. Div. 303). There the plaintiff, having pressed a button which should have brought an elevator to her floor, opened an elevator door and fell into the shaft. Maslenka v. Brady (supra) is another. Plaintiff operated a dumbwaiter with defective ropes and was injured. Monahan v. National Realty Co. (4 Ga. App. 680) is another. Plaintiff opened a window. The chain holding the sash broke, the window fell, and she was injured. The act of the injured party which sets in motion the instrument of injury must not be confused with an act of the injured party by which, sharing responsibility in some way with the defendant for the creation or maintenance of the dangerous condition, he is deemed also to share the negligence.
Both in the broad outline of the principles under which the doctrine is applied, and in its specific application, the proof in this case shows negligence prima facie. It is often applied, as has been seen, to structural defects, which is the fair implication of the proof here (Matter of Zawilski v. Prahl Constr. Corp., 237 App. Div. 824). See, also, the case of the scalding hotel shower (Hansen v. United Stores Realty Corp., 257 N. Y. 584); the falling stairs (Storms v. Lane, supra); the steamship hot water faucet (Watson v. Compagnie Generate Transatlantique, 147 Misc. 697); the falling window sash (Monahan v. National Realty Co., supra); the breaking rope (Doherty v. Booth, 200 Mass. 522). The breaking of the handle fits the general pattern of application.
Whether the force used by plaintiff to the handle was reasonable presents no question of law. The jury found that it was reasonable, and this branch of the case is the jury’s province (Robinson v. Consolidated Gas Co., 194 N. Y. 37, 41). And the explanation offered by defendants, to the extent that an explanation has been offered, is for the jury. Even when such explanation is quite persuasive it is usually not conclusive as a matter of law (Marceau v. Rutland R. R. Co., 211 N. Y. 203, 213). See further on the effect of defendants’ explanation as resting with the jury, Plumb v. Richmond Light & R. R. Co. (233 N. Y. 285, 289).
Defendants’ motion for dismissal of the complaint at the close of all the proof and for a direction of a verdict denied; and their motion addressed to the verdict denied.
*402 While no distinction among defendants as to liability was urged upon the trial or the submission of the case, or specifically argued upon the motions here considered, the pleadings suggest a distinction which possibly arises upon the record under defendants’ general motion, and if such a distinction is now insisted upon, it will be considered on the settlement- of the order.
Settle order on notice.