Sarachan, J.
This is an action by the plaintiff against the defendant for personal injuries allegedly caused by negligence on the part of the defendant, its agents, servants, and employees.
Briefly, the plaintiff’s complaint alleges that the plaintiff was received into the sanitarium operated by the defendant at Clifton Springs, New York, for treatment by the defendant; that the plaintiff remained in the sanitarium until February 11, 1953. The complaint further alleges that at the time of the plaintiff’s admission, X-ray examinations were taken by the defendant of the plaintiff’s hip and upper legs and that the X rays showed no fracture present; that when the plaintiff left the sanitarium on or about February 11, 1953, there was a fracture of the head or ball of the left femur.
The complaint further alleges that, during the period while the plaintiff was in the defendant’s sanitarium, she was “ in a dazed, bewildered and confused condition and was unable to understand clearly what was happening and defendant knew that she was in such condition.”
Insofar as negligence is concerned, the only additional allegation is that the injuries to the plaintiff were caused “ solely by the fault and negligence of the defendant, its agents, servants and employees, in their administrative acts and duties, and without any fault or negligence on the part of the plaintiff.”
The position of the plaintiff on this motion is that inasmuch as the plaintiff, during the nineteen or twenty days which she spent in the sanitarium was “ under the exclusive care and control of defendant ” and inasmuch as she was “ in a dazed, bewildered and confused condition, ’ ’ she may invoke the doctrine of res ipsa loquitur and thereby place the burden upon the defendant to establish that the injuries that she suffered were not caused by its negligence.
It is true that the courts of this State in recent years have been more liberal on behalf of plaintiffs in their application of the doctrine of res ipsa loquitur. The question before this *3 court is how far may the courts go in permitting this doctrine to free the plaintiff from the necessity of establishing facts from which negligence may be inferred.
In Goldstein v. Pullman Co. (220 N. Y. 549, 553-554), the Court of Appeals in pointing out this modern tendency, indicates that the defendant should be put on its defense “ when the loss is inconsistent with the proper care and the facts are in its possession ”.
In the more recent case of Dillon v. Rockaway Beach Hosp. (284 N. Y. 176), the court states at page 179: “ Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of remote possibilities that the injury was not caused by the defendant or that the defendant was not negligent.”
In every one of the hospital cases submitted by the plaintiff the alleged negligence is more or less “ pinpointed ” to a particular operation, or a particular circumstance, at a particular time and place.
On the basis of these decisions the plaintiff now wants to have the court uphold a complaint which says in substance: “ I entered your sanitarium; I had no fractured bone; I stayed three weeks, during which I was dazed. When I came out I had a fractured femur. Now you prove it wasn’t your fault.”
The purpose of a complaint is, of course, to give the defendant sufficient information to enable him to prepare a defense, if he has one. The complaint must state a cause of action, and in the unusual case where the plaintiff is not in a position to know what caused his injuries, he may invoke the doctrine of res ipsa loquitur. However, to invoke that doctrine he must show “ facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.” (Ingersoll v. Liberty Bank of Buffalo 278 N. Y. 1, 7.)
Here, injuries to the plaintiff causing the alleged fracture could have occurred in any number of conceivable ways over a period of three weeks. The plaintiff might have carelessly stumbled over something when walking to the lavatory; the fracture might have resulted from something done by a physician in connection with medical treatment and not in the nature of an administrative act — which concededly would prevent the plaintiff from recovering. The possibility that the injury to the plaintiff was due to a cause other than negligence on the part of the defendant is not “ a remote possibility,” but a very real one.
*4 To require the defendant to negative negligence on its part in the face of a general allegation that something happened to the patient over a period of almost three weeks is, it appears to this court, substantially to destroy the whole purpose of pleadings preliminary to a trial. It would also appear to be stretching the doctrine of res ipsa loquitur beyond a reasonable point.
If the plaintiff is not in a position at the present time to set forth allegations of negligence with more particularity, she may be in a position to start an action by the serving of a summons and by moving for an examination before trial for the purpose of preparing a complaint. Then, if the plaintiff. found evidence of certain negligent acts on the part of" the defendant, she could allege them in her complaint and the defendant would at least be in a position to know what the issues were.
The defendant’s motion to dismiss the complaint herein is granted, without costs, and without prejudice to the plaintiff to commence a new action against the defendant for the injuries alleged in the complaint.