■ LILLIAN SHAPIRO, Respondent, v. HOTEL CORPORATION OF AMERICA, Defendant, and HOTEL ROOSEVELT CORPORATION, Appellant.— Judgment in favor of plaintiff in the sum of $26,859.50, unanimously reversed, on the law and on the facts, and a new trial ordered, with $50 costs and disbursements to abide the event. The finding of constructive notice implicit in the verdict is against the weight of the evidence. Plaintiff testified that she first saw the separation in the carpet after she fell. The opinion of plaintiff's expert to the effect that the separation existed prior to the occurrence was based solely on photographs taken nine months after the event. There is no other testimony as to the duration of the condition of the carpet prior to the accident. The expert's opinion is too speculative. (Cf. *Marcus* v. *Manhattan Beach Parks Corp.*, 246 App. Div. 331, 332, where there was proof other than the photographs; see, also, *Goodman* v. *Caledonian Ins. Co. of Scotland*, 222 N. Y. 121, 125–126; *McDermot* v. *City of New York*, 287 F. 2d 49, 50; *Fireman's Ins. Co. of Baltimore* v. *Mohlman Co.*, 91 F. 85, 87; *Valle* v. *City of New York*, 22 Misc 2d 985; *Gibbons* v. *City of New York*, 200 Misc. 699; *Rotker* v. *City of New York*, 124 N. Y. S. 2d 231, affd. N. Y. L. J., Jan. 21, 1955, p. 6, col. 4.) Concur — Breitel, J. P., Rabin, McNally and Stevens, JJ.

■ In the Matter of LA PARISIENNE DELICATESSEN, INC., Respondent, v. DONALD S. HOSTETTER et al., Constituting the New York State Liquor Authority, Appellants.— Order in proceeding under article 78 of CPLR, entered November 12, 1965, annulling determination of State Liquor Authority disapproving petitioner's application for a retail beer license, and remanding the matter to the Authority for further proceedings, reversed on the law and the petition dismissed, with $30 costs and disbursements to respondents-appellants. The prior experience and history of the applicant's principal, establishing recurrent recent conduct in criminal gambling activities, provided a rational basis for the determination. There being a rational basis for its determination, the court has no further function in review of the agency's activity (*Matter of Barton Trucking Corp.* v. *O'Connell*, 7 N Y 2d 299, 308–309). Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.