Cooke, J. (dissenting).
I dissent and vote to uphold the determinations of the majority of the Appellate Division and that of the trial court that the insufficiency of plaintiff’s proof required dismissal of the complaint at the close of her case.
Although notice would not be an essential element of a cause of action when the hazardous condition, such as a defect in workmanship, had been created by a defendant, or by his agent or employee whose conduct and knowledge are imputable to him,[1] common-law liability may generally not be imposed upon a landlord for such a condition existing in the common passageways and demised areas over which he has retained control absent notice, actual or constructive (Putnam v Stout, 38 NY2d 607, 612; Pratt, Hurst & Co. v Tailer, 186 NY 417, 421; Mirabel and Levy, Law of Negligence, § 565; 2B Warren’s Negligence, Landlord and Tenant, § 6.01, see, also, § 6.04).
Here, there was no proof either that defendants or anyone on their behalf created the "defective condition of the floor and threshold” alleged by plaintiff or that actual notice was given to defendants. Thus, as conceded by plaintiff in her brief, "[t]he only issue * * * is whether plaintiff’s evidence [was] sufficient to prove constructive notice.” More specifically, the pivotal issue is whether five photographs in evidence, taken the day after the accident in question and authenticated by testimony that they were fair and correct representations of the area in which and at the time plaintiff fell, were adequate in themselves to establish constructive notice.[2]
*901 Constructive notice in this respect means such notice as the law imputes from the circumstances of the case, so that where a defective condition has existed for such a length of time that knowledge thereof should have been acquired in the exercise of reasonable care by a landlord, then such a party will be held to have known what he should have known as a result of such care (see Todd v City of Troy, 61 NY 506, 509; Magid v City of New York, 234 App Div 38, 42, affd 259 NY 618; 2B Warren’s Negligence, Landlord and Tenant, § 6.01; 1 Shear-man and Redfield, Negligence [rev ed], pp 46-47; cf. MacArthur v Coxon Real Estate, 28 AD2d 1191, mot for lv to app den 21 NY2d 643). It is thus at once obvious that a period of time is an essential ingredient of this species of notice, since the mere existence of a dangerous condition on premises will not charge a landlord with negligence unless there was notice (6 Schwartz, Trial of Accident Cases, § 6041, p 6:21-5; cf. Wollsteiner v Ohrbach’s, Inc., 1 AD2d 946).
Plaintiff having testified that certain photographs accurately represented the condition of the place where and at the time she claims she caught her foot and fell and the description of that place at that time being relevant, there is no question but that those photographs were admissible insofar as they related to that subject (Richardson, Evidence [Prince-10th ed], § 137, pp 109-110). (For this discussion, no opinion need be expressed as to the admissibility of plaintiff’s exhibit "3”, a photograph received over objection and purportedly being a fair and correct representation of the area of the accident but also showing a young man holding what appears to be a yardstick at or near the spot of the fall [see 3 Wigmore, Evidence (Chadbourn rev), § 798; 29 Am Jur 2d, Evidence, § 793; see, also, Photographs-Authentication, Ann., 9 ALR2d 899, 926 et seq.].)
On the other hand, these black and white photographs, unsupported by testimony as to duration, were insufficient per se to establish such an abstract dimension as the length of time the condition portrayed had existed (see Valle v City of *902 New York, 22 Mise 2d 985, 986; Rotker v City of New York, 124 NYS2d 231, 233, affd NYLJ, Jan 21, 1955, p 6, col 4; but see, also, Shapiro v Hotel Corp. of Amer., 25 AD2d 828; Gibbons v City of New York, 200 Mise 699, 700, 701; Fisch, New York Evidence [2d ed], § 142, p 83; 29 Am Jur 2d, Evidence, § 785, p 859). Granted that certain photographs may reveal the existence of defects for sufficiently long periods so as to furnish a basis for constructive notice (see McDermot v City of New York, 287 F2d 49, 50; Valle v City of New York, 22 Mise 2d 985, 987-988, supra), these do not. There are darker areas and lighter areas depicted, referred to by the majority as "the discoloration of the concrete-like substance shown”. If the floor surface was of concrete or some similar material, the lighter areas might well signify a fresh rupture caused by the dropping or dragging of a heavy object, such as a trunk, piece of machinery or cleaning appliance. There are no indications or proof of continued wear, growth or decay and, for all that appears, the depression may have been of very recent origin or even created immediately prior to the accident. To infer from the exhibits the cause of the indentation or the length of its existence would be an exercise in speculation. Thus, there was insufficient proof to establish that the landlord had constructive notice and the complaint was properly dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Cooke dissents and votes to affirm in a separate opinion.
Order reversed, etc.

. It has been stated that under the doctrine of res ipsa loquitur, not applicable here, no notice need be proven (see Dittiger v Isal Realty Corp., 290 NY 492, 494; Griffen v Manice, 166 NY 188, 193, 196; Katz v Goldring, 237 App Div 824; 1 Shearman and Redfield, Negligence [rev ed], § 56; 6 Schwartz, Trial of Accident Cases, § 6041, p 6:21-5; Kramer, Rules of Evidence in Negligence Cases [3d ed], p 35).

. During the oral argument of defendants’ motion to dismiss, the Trial Justice *901 asked plaintiff’s counsel, "So how do we satisfy that requirement [constructive notice]?”, to which said counsel responded, "I feel, your Honor, that requirement is satisfied by the photographs which were identified as existing, as the condition as it existed on May 29th, 1965 [the date of the accident].” The dissent at the Appellate Division recognized that "[t]he present factual pattern does not provide evidence, aside from the photographs, to establish constructive notice” (55 AD2d, at p 667).