BACTERIAL SEWAGE PURIFICATION COMPANY, Respondent, v. NATHAN STRAUS, JR., Appellant, and HELEN SACKS STRAUS, Defendant.— Judgment of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

REBECCA G. BOWEN, Plaintiff, v. PAUL W. HORGAN and Others, Defendants, Impleaded with PHILIP KANTER and SAMUEL GOLDINGER, as Assignees of TRACHSON BUILDING CORPORATION, Respondents; AGNES VERLIN, Appellant.— Order denying motion to join appellant as a party defendant reversed on the law, with ten dollars costs and disbursements, and motion granted to the extent of allowing the appellant to intervene and enforce her lien on the fund in the referee's hands, with ten dollars costs. In our opinion, the appellant, by virtue of her subcontract with the bidder on the partition sale, obtained an equitable lien upon its bid and the amount of its deposit with the referee, to the extent of her payment on account of her subcontract of purchase, and this right is superior to the rights, if any, of the respondents, the subsequent assignees of the bid. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

CIVIL REALTY CORPORATION, Respondent, v. GANS CONSTRUCTION CORPORATION and I. IRVING APFEL, Appellants.— Order granting motion to dismiss the complaint for lack of prosecution, in so far as it imposes a condition, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JOHN C. FERNANDEZ, Respondent, v. MARTHA STENGEL, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

LAURETTA I. GERHARDT, Respondent, v. MANHATTAN BEACH PARK, INC., and MANHATTAN BEACH BATHING COMPANY, Appellants. PHILIP L. GERHARDT, Respondent, v. MANHATTAN BEACH PARK, INC., and MANHATTAN BEACH BATHING COMPANY, Appellants. (Consolidated Appeals.) — Judgments unanimously affirmed, with costs. Under the charge, to which no exception was taken, the jury were permitted to find and presumably did find that the defendants failed to exercise reasonable prudence for the safety of their patrons, of whom the plaintiff wife was one. The facts sufficiently established that the danger of one of the large beach umbrellas being carried through the air by the wind and weather was or could have been known to the defendants in time to prevent what occurred. The claim that there was a failure to prove defendants' ownership of the particular beach umbrella in question is not controlling in the light of the duty of the defendants, who conducted a place of entertainment or recreation to which patrons were invited on payment of an admission fee, to safeguard their patrons from danger which might reasonably have been anticipated. In the circumstances, the defendants were obligated to see to it that danger should be minimized to the extent that reasonably prudent men might foresee the necessity of doing so. (*Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Redmond* v. *Nat. Horse Show of America, Limited*, 78 Misc. 383, 384; *Arnold* v. *State of New York*, 163 App. Div. 253, 262; *Platt* v. *Erie County Agricultural Society*, 164 id. 99, 103.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.