ELAINE SELIGSON, an Infant, by HYMAN SELIGSON, Her Guardian ad Litem, et al., Respondents, *v.* VICTORY POOL, INC., Appellant.

Supreme Court, Appellate Term, First Department, October 31, 1946.

*Patrick E. Gibbons* and *E. C. Sherwood* for appellant.

*Morris H. Linderman* and *Louis H. Stallman* for respondents.

*Per Curiam.* Plaintiff sued to recover for personal injuries sustained in the defendant's swimming pool. Plaintiff testified that she visited the pool with two friends and that while she was bathing in the pool, she cut the sole of her foot on what appeared to be the broken bottom of a glass bottle. According to the testimony, on one side of the pool there was a beach which was about three yards away from the edge of the pool; that there was also a restaurant maintained by defendant where

bottled beverages, including milk, were sold; that bottled beverages were also sold at a small stand near the handball court close to the pool; that people were sitting around in various places in close proximity to the pool eating, and drinking from bottles. The testimony of plaintiff and her witnesses was also to the effect that children were permitted to play with glass bottles on the beach alongside the pool and that some of these children were filling bottles with sand and pouring the sand into the water. Neither the plaintiff nor either of the witnesses, however, saw anyone throw the bottle into the water. Two lifeguards were employed by defendant who were stationed at the back of the pool, or, in other words, at the opposite end of the pool from where the plaintiff sustained her injuries. Plaintiff based her claim for negligence upon defendant's alleged failure to provide sufficient or adequate supervision at the pool, and this was the question of fact upon which the case was given to the jury by the lower court.

Defendant takes the position that in a negligence action of this type, where there is no proof that patrons threw or had been in the habit of throwing things into the pool, there was consequently no proof of notice, either actual or constructive, and that without such proof plaintiff may not recover. Defendant failed to put in any proof and rested on plaintiff's case.

We believe that the judgment of the lower court should be affirmed. Under the facts as testified to by plaintiff and her witnesses, the jury was justified in finding negligence on the part of the defendant for failure to properly and adequately supervise the pool in order to fully protect its patrons. Plaintiff was a paying patron and was entitled to proper protection. " One who collects a large number of people for gain or profit must be vigilant to protect them." (*Tantillo* v. *Goldstein Brothers Amusement Co.*, 243 N. Y. 286, 290; *Gerhardt* v. *Manhattan Beach Park, Inc.*, 237 App. Div. 832, affd. 262 N. Y. 698; *Tapley* v. *Ross Theatre Corporation*, 275 N. Y. 144, 148.)

The judgment should be affirmed, with costs.

EDER, J. (dissenting). The action is in negligence. The defendant operated a public swimming pool; the infant plaintiff was a patron; she was accompanied by a friend; they paid their admission fee; they entered at 10:00 A.M. and spent some time on the beach; about 1:00 P.M. they entered the pool; about 4:00 P.M. the infant plaintiff met with an accident; her foot was injured by being cut due to a broken bottle on the bottom of the pool.

Bottled beverages were sold in the vicinity of the pool; there is no proof as to who threw in the broken bottle, nor how long it remained in the pool.

The defendant had two lifeguards there watching for the protection of the patrons.

The defendant offered no testimony; it rested on the plaintiffs' case.

The court reserved decision on the motions to dismiss. Following the return of a verdict for the plaintiff and motion to set it aside, the trial court rendered an opinion denying all of the mentioned motions.

Upon this appeal the appellant makes the single claim that the trial court erred in its charge to the jury that it was for them to decide whether there was sufficient supervision exercised by defendant; it was the theory on which the case was submitted to the jury. The court charged: "Whether or not there was sufficient supervision is a matter for you to decide. What is negligence under those circumstances, you must determine, because negligence, what is or what is not negligence, is always a question of fact for the jury."

To this charge the defendant excepted, as follows: "I respectfully except to your Honor's charge insofar as it submits to the jury the question of supervision, on the ground that there is no evidence in this case to show that any supervision would have prevented the accident."

The trial court, in denying the afore-mentioned motions, gave the following reason: "Defendant knew that glass bottles were constantly in use, in the vicinity of the pool, and it was not unreasonable to expect the defendant to *anticipate* that, sometime, one of these bottles, whole or broken might find its way to the bottom of the pool. It was not too much to expect of defendant to have some person about the pool, charged with the duty of seeing to it that glass was not dropped in the pool, and, if dropped, to have someone about to observe and remove it. I think the jury was warranted in finding negligence, on defendant's part, in failing to supervise the pool properly in that respect." (Italics supplied.)

I disagree. There is no claim or proof that the patrons threw, or were in the habit of throwing things into the pool. This was a most unusual accident, one of very rare occurrence and appears to be without precedent in the law reports. Supervision does not import a duty to *anticipate* against extreme improbability of an occurrence.

The rule and duty with respect to failure to anticipate and guard against an accident are founded in reason, and in consequence, has limitations, as manifested and declared in *Favro* v. *Troy and West Troy Bridge Co.* (4 App. Div. 241), citing and quoting from *Hubbell* v. *City of Yonkers* (104 N. Y. 434, 439), and *Ryan* v. *Cortland Carriage Goods Co.* (133 App. Div. 467).

In the *Favro* case (*supra*), the court said (p. 245): "The fact that an accident has happened which might possibly have been prevented, does not necessarily indicate negligence upon the part of the defendant. 'That which never happened before and which in its character is such as not to naturally occur to prudent men to guard against its happening at all, cannot, when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its possible happening and guarding against that remote contingency.'"

In the *Ryan* case (*supra*), the court said (p. 469): "Failure to guard against that which has never occurred, and which is very unlikely to occur, and which does not naturally suggest itself to prudent men as something which should be guarded against, is not negligence."

As previously stated, the accident was a most unusual one, unique and peculiar; it is out of the ordinary, and in the circumstances, considering that there is no claim or proof that persons there threw, or were in the habit of throwing bottles or things into the pool, and no claim or proof that glass had ever been thrown into the pool, it seems to me to be unreasonable to hold that merely because bottled beverages were sold in the vicinity of the pool, it was nonetheless reasonable to expect the defendant to anticipate that, sometime, one of these bottles, whole or broken, might find its way to the bottom of the pool and to expect from the operator of the pool a duty to have someone about to observe and remove it.

The trial court cited no case to support this conclusion, upon a comparable or parallel state of facts, nor has my independent research revealed any.

I regard the above-quoted exception to the charge as well founded and therefore vote to reverse the judgment and that the complaint be dismissed, with costs.

McLaughlin and Hecht, JJ., concur in *Per Curiam* opinion; Eder, J., dissents in opinion.

Judgment affirmed.