STELTER v. CORDES et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. NEGLIGENCE (§ 32*)—CARE OF PREMISES—LICENSEES.
    An owner of a public bowling alley must exercise reasonable care so as not to injure persons when using the alley as reasonbly contemplated.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

2. NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR—APPLICABILITY OF DOCTRINE.
    The rule of res ipsa loquitur arises when the occurrence as proved points necessarily to negligence of defendant; but the mere fact that the occurrence was on the premises of defendant does not raise any presumption of wrongdoing, and where a person bowling in a public bowling alley slipped and ran a small splinter into his foot, and there was no proof that the alley was defective or of the existence of the splinter prior to the occurrence, and the person and his companions were in the immediate possession of the alley at the time of the accident, it did not show negligence of the owner under the rule.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by George Stelter against William Cordes and another. From a judgment of the Municipal Court for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Theodore H. Lord (Floyd K. Diefendorf, on the brief), for appellants.

Leon Raunheim, for respondent.

JENKS, P. J. To sustain this judgment the plaintiff invokes necessarily the rule of res ipsa loquitur. The plaintiff when bowling in a public bowling alley slipped and ran a splinter into his foot.

[1] The obligation of the defendants was that of reasonable care and prudence lest their premises might injure the plaintiff when in a reasonable contemplated use thereof. Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563.

[2] The rule in question arises when the occurrence as proved points necessarily to negligence of some kind on the part of the defendant. Robinson v. Consolidated Gas Co., 194 N. Y. 37–41, 86 N. E. 805, 28 L. R. A. 586; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. The mere fact that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the occurrence was in the premises of the defendants does not raise any presumption of wrongdoing. Curran v. Warren Chemical & Manufacturing Co., 36 N. Y. 153. The splinter was but a small slender bit of wood. There was no proof of its existence for any period prior to the occurrence, so that proper care could have removed it, or that it was of such probable origin that proper inspection could have discovered it. And there is no proof that the alley was defective in construction or condition so that such a splinter might be a natural result of some defect thereof. The plaintiff and his companions had used the alley on this very occasion for some time before the occurrence. I fail to see, then, that this mishap as proved points necessarily to any actionable neglect on the part of the defendant. Moreover, the plaintiff and his companions were in the immediate lawful possession and use of the premises when the accident happened. See Bevan on Negligence (3d Ed.) 118.

I advise that the judgment be reversed, and that a new trial be ordered; costs to abide the event. All concur.