(78 Misc. Rep. 383.)

REDMOND v. NATIONAL HORSE SHOW ASS'N OF AMERICA, Limited.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURIES TO PERSONS ATTENDING.

Persons invited upon payment of an entrance fee to a place of public amusement may assume that they can go there without incurring any risk which might have been reasonably anticipated by the proprietor.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURIES TO PERSONS ATTENDING.

The proprietor or lessee of a place of amusement warrants the premises to be reasonably safe for the purposes for which they were designed.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

3. THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURIES TO PERSONS ATTENDING.

Where an accident occurs in a place of amusement from causes which might reasonably have been anticipated, the proprietor or lessee must show that he has not been guilty of negligence in failing to guard against such an accident.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURIES TO PERSONS AT-
    TENDING.
       A person conducting an exhibition of horses must guard against the
    risks arising from the horses becoming unmanageable, if they can reason-
    ably be foreseen, although he is not liable for negligence in permitting
    the horse which becomes unmanageable to be exhibited.
       [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. §. 6;
    Dec. Dig. § 6.*]

Appeal from City Court of New York, Trial Term.

Action by James Redmond against the National Horse Show As-
sociation of America, Limited. From a judgment dismissing the
complaint at the close of the case, plaintiff appeals. Reversed, and
new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and
HOTCHKISS, JJ.

Collin A. McLeod, of New York City (William King Hall, of New
York City, of counsel), for appellant.

James B. Henney, of New York City, for respondent.

LEHMAN, J. The plaintiff purchased a ticket of admission to
an exhibition conducted by the defendant. While watching the horses
jump, the plaintiff was struck by a heavy iron gate, which fell from
the impact of a horse which had become unmanageable. These gates
were used to admit horses to the arena, and were closed at the time
of the accident. No specific defect was shown in their construction,
and no negligence on the part of the defendant, unless this negli-
gence may be inferred from the foregoing facts.

[1] Persons invited upon payment of an entrance fee to a place
of public amusement have the right to assume that they can go
there without incurring any risk which might have been reasonably
anticipated by the proprietor.

"It was required that the risks should be minimized to the extent that rea-
sonably prudent men might foresee the necessity of doing so." Barrett v. Lake
Ontario Beach Improvement Co., 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829.

[2, 3] The proprietor or lessee of a place of amusement war-
rants the premises to be reasonably safe for the purposes for which
they were designed. If, therefore, an accident occurs from causes
which might reasonably have been anticipated, the proprietor or
lessee must show that he has not been guilty of negligence in failing
to guard against such an accident.

[4] In this case the fall of the gate was caused by a horse becom-
ing unmanageable and striking the gate. The defendant argues
that, inasmuch as no claim of negligence on the part of the owner
or driver of a horse can be predicated upon the fact that a horse
has become unmanageable, without proof that the owner or driver
knew of the horse's vicious propensities, no cause of action will lie
here against the proprietor or lessee of the place of amusement for
injuries caused by an unmanageable horse. It seems to me that
this argument is fallacious. A horse is not ordinarily a dangerous

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

animal, and the owner of a horse is not negligent merely because he uses an animal which he has not reason to believe is dangerous. Therefore to predicate negligence upon the fact that a horse became unmanageable requires proof that the owner or driver had reason to believe that the horse might become unmanageable. Where, however, a person invites others to come upon his premises to view an exhibition conducted by him for hire, he warrants the reasonable safety of the place, and by reason of that warranty is not under a passive duty merely, but is under an active duty, to guard against all risks which might reasonably be anticipated. Although he would undoubtedly not be liable for negligence in permitting a horse to be exhibited which became unmanageable, still the exhibition of horses involves the necessary risk that some horse might become unmanageable, and it is the duty of the proprietor to guard against such risks if they could reasonably be foreseen. From the facts in evidence, a reasonable inference might have been drawn that the defendant could reasonably have foreseen the risk of a horse becoming unmanageable, and could have taken precautions against such risk.

Judgment should, therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.