(80 Misc. Rep. 496.)

GERSHOWITZ v. GREENSTEIN et al.

(Supreme Court, Appellate Term, First Department.  May 8, 1913.)

MASTER AND SERVANT (§ 124*)—MASTER'S LIABILITY—PLACE FOR WORK—INSPECTION.

The proprietors of a shop, putting a servant to work at a bench, where he walked in a passageway about 18 feet long and 2½ feet or 3 feet wide upon an ordinary wooden floor, which had been cleaned that day; and which was not shown to have been in a rough condition for any time before the accident, were not bound to inspect the floor to discover whether there were splinters which might possibly become detached and enter a servant's foot, and hence not liable for an injury so caused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242;  Dec. Dig. § 124.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Gershowitz against Louis Greenstein and others, doing business under the firm name and style of Greenstein Bros. & Co. From a judgment in favor of the plaintiff after a trial by the court and a jury, and from an order denying a motion for a new trial, defendants appeal. Reversed, and complaint dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Lyman A. Spalding, of New York City (Thomas J. Skelly, of New York City, of counsel), for appellants.

Abraham Simonoff, of New York City, for respondent.

GERARD, J. This action was brought under Employer's Liability Act (Consol. Laws 1909, c. 31) §§ 200–204, by a servant to recover damages against his employers. Plaintiff was employed as a cutter of hats in defendants' shop. Plaintiff was put to work at a bench and noticed that there were some dies near the bench, weighing from 80 to 100 pounds, and these he pushed under a bench. In plaintiff's work he walked to and fro along two tables joined together, about 18 feet in length. The passageway on which he walked was about 2½ feet or 3 feet wide, and plaintiff walked sideways as he performed his work. There was an ordinary wooden floor. While plaintiff was performing his work, a splinter from the floor entered the right side of his foot, inflicting the injuries for which he sues.

Plaintiff testified that the floor was rough for about 6 inches about where the splinter came from. There was evidence from a witness who cleaned the floor between 8 and 9 a. m. that the floor was smooth and that he did not see any splinters or defects. Plaintiff did not prove that the alleged rough condition of the floor had existed for any time whatever prior to the time of the accident. In Stelter v. Cordes, 146 App. Div. 300, 130 N. Y. Supp. 688, plaintiff slipped while in a public bowling alley and ran a small splinter in his foot. The Appellate Division reversed the judgment for plaintiff. The opinion states that the splinter was but a small, slender bit of wood, that the mere fact that the occurrence was in the premises of the defendants does not raise any presumption of wrongdoing, and that there was no proof of the existence of the splinter for any period prior to the occurrence, and there is no proof that the alley was defective in construction or condition, so that such a splinter might be a natural result of some defect thereof.

That case was at common law. This case was brought under the Employer's Liability Act. But I do not think that there was any obligation on the defendants to inspect the floor for the purpose of discovering whether there was a small splinter of the size in question which might possibly become detached and enter a person's foot.

The judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.