NORTHRUP D. GEER and JOHN E. GEER, JR., Doing Business under the Name and Style of GEER BROS., Appellants, v. GEORGE S. KELLEY, Individually and as Administrator c. t. a. of the Estate of THERESE G. CLARK, and MARY E. CLARK, Also Known as MARION B. CLARK, Respondents.— In an action to recover for commissions of real estate agents employed to make a sale of real property owned by two tenants in common, it appeared that such agents produced a party ready, able and willing to purchase and that a contract for the sale was drawn by the attorney for one of the vendors, signed by the purchaser and by one of the vendors, and a payment thereon was received and transmitted to the other vendor. The other tenant in common later refused to sign the contract. The two tenants were brother and sister. The sister conducted the negotiations with the agents, and when the time for signing the contract came the two attorneys for the other cotenant were present, conducted the negotiations, drafted the contract and received the initial payment. The facts and circumstances shown by the evidence indicated that the other cotenant had knowledge of the transaction and clothed his attorneys with authority to make the contract. Further, evidence by which the plaintiffs might have shown positive authority of the agents to act for the other cotenant was erroneously excluded on the trial. The plaintiffs made a *prima facie* case, but the complaint was dismissed at the close of their evidence. Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, with costs to abide the event. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

MARGARET GOODACRE, an Infant under the Age of Fourteen Years, by MARTHA GOODACRE, Her Guardian ad Litem, and MARTHA GOODACRE, Appellants, v. ROOVERS BROS., INC., and MAX MUNVES, Respondents.— Action by an infant for damages for personal injuries sustained as a consequence of contact with an electrical device in a " penny arcade " operated by defendant Munves, which device is alleged to have been manufactured and owned by the corporate defendant. Judgment dismissing the complaint as to defendant Munves reversed on the law and a new trial granted, costs to abide the event. Judgment in so far as it is in favor of the corporate defendant unanimously affirmed, with costs. The individual defendant was under a duty, as the owner and operator of a place of entertainment, to see that the premises and devices therein were safe for public use and he is not exonerated merely because he has no precise knowledge of the defective condition. The proof here would permit a jury to find that the device with which the infant plaintiff came in contact was in a defective condition in that it was charged with electricity at a time when a patron might properly assume it was not so charged in advance of the insertion of a coin therein. A jury might also find that by reason of the defect there was released in the handles of the device a current sufficiently strong to cause the infant to suffer the injuries which she asserts she suffered. (*Lusk* v. *Peck*, 132 App. Div. 426; *Redmond* v. *Nat. Horse Show of America, Limited,* 78 Misc. 383.) There was no proof that the corporate defendant either manufactured, owned or operated the device. The inscription on the machine indicated that a partnership of a familiar name was the manufacturer. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.