EDITH NABSON and MOE NABSON, Respondents, *v.* MORDALL REALTY CORPORATION, Appellant.

First Department, October 27, 1939.

*Olin S. Nye* of counsel [*Harold Schaffner* with him on the brief; *Reginald V. Spell*, attorney], for the appellant.

*Irving Levine*, for the respondents.

CALLAHAN, J.   This is an action brought by patrons of a motion picture theatre against the operator thereof.   Plaintiff Edith Nabson has recovered a judgment for personal injuries sustained through the alleged negligence of the defendant.   Plaintiff Moe Nabson has recovered a like judgment for loss of his wife's services.

The accident involved herein occurred on March 24, 1937, when plaintiff Edith Nabson, after occupying a seat during part of a performance at defendant's theatre, arose to change her place.   As she stood up her left leg came in contact with the bottom of the seat she had been occupying and a splinter of wood projecting from the seat injured her.

The splinter, which was offered in evidence, appears to be about one-thirty-second of an inch in width and an inch and a half in length.

The trial court charged the jury that notice of a defective condition had no application in a case of this kind.   It stated that if a condition which might injure a patron existed at the time the patron used the theatre then the defendant would be held liable irrespective of whether or not it had any notice of such condition.

Defendant's counsel excepted to these portions of the charge, and further excepted to the court's failure to define negligence. In response, the court inquired as to what defendant wanted it to

charge. It would seem that this inquiry was directed to the failure to define negligence. The defendant's counsel then requested the court to charge that negligence must be established; that defendant was only required to use reasonable care; that the mere happening of an accident was not proof of negligence; and that if the jury found that the accident was an unavoidable one the verdict must be for the defendant. These requests were granted, but no change was made in that part of the charge made which had eliminated the factor of notice as an element of negligence. We deem that the defendant's exception to the main charge properly raised the question of error with respect to this point.

We find that the charge was erroneous in that it placed liability on defendant irrespective of whether it had a reasonable opportunity to repair any defect which it knew of or could have discovered on reasonable inspection.

Plaintiffs made no effort to establish actual or constructive notice of the existence of the splinter. There was no proof to show any decay of the wood or other evidence that the splinter came from gradual deterioration. In fact the only evidence on the point indicated that the contrary was the fact. Plaintiffs now contend that the doctrine of *res ipsa loquitur* applies.

We believe that the case is not one to be governed by that principle, but we find that the charge was erroneous even if that doctrine were applicable.

As a matter of common knowledge, theatre seats in motion picture houses are used many times during the day by patrons. Performances are continuous over periods of a considerable portion of each twenty-four hours. While the seats are constructively in the possession and control of the theatre owner, they are in the temporary use and under the control of the patrons while being occupied during these performances and are subject to possible injury during such use. Reasonable opportunity to inspect them necessarily exists only during certain parts of each day.

The rule of *res ipsa loquitur* requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong on the defendant's part. The instrumentality which produced the accident must be within the exclusive possession and control of the person charged with negligence. Where a defendant has such control and has exclusive knowledge of the care exercised in the control and management of the instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify the inference of negligence and to shift the burden of explanation to the defendant. (*Galbraith* v. *Busch,* 267 N. Y. 230.)

In the present case the elements which must be present before the rule of *res ipsa loquitur* is invoked were not shown to exist. Assuming that control of the seat might be held sufficiently exclusive if the accident occurred from some structural defect (See *Sasso* v. *Randforce Amusement Corp.*, 243 App. Div. 552), it should not be so held as to a minor lack of repair that might have developed a few minutes before the plaintiff's injury from casual use of the seat by a patron.

But, even if the rule of *res ipsa loquitur* was applicable, the inference of negligence resulting therefrom would be rebuttable. The defendant would be required to produce some proof to show that it had exercised reasonable care to protect its patrons by inspection of the premises and by reasonably prompt action concerning any defect it discovered or should have discovered. If the defendant, as it did in this case, offered proof of systematic inspection and repair, the question would be for the jury to determine whether it had been negligent. As an element of negligence the jury would have the right to consider the question of how long the defective condition existed and to find that there was no lack of care if it determined that the condition was one which defendant could not have discovered on reasonably careful inspection, or to find that because the condition might have arisen so shortly before the plaintiff's injury that defendant did not have the opportunity to repair it. Clearly, therefore, the rule as charged by the trial court herein, that defendant would be liable if the condition existed when the patron used the theatre irrespective of the question of notice, was not the proper rule.

The defendant in this case offered evidence to show that in this theatre after the close of each day's performance, two watchmen go through the premises raising up and inspecting each seat, and reporting any visible defects. On like occasions six cleaners sweep the floors and go over each seat with dust cloths. Any defects thus discovered are reported to a carpenter employed by the theatre to make repairs. The carpenter himself also makes periodical inspections. He stated that any defective condition called to his attention was promptly repaired. There was no contradiction of this proof. But it was given by defendant's employees and its credibility was for the jury. In considering this evidence however, the jury might well have exonerated the defendant if it had been advised, as it should have been, that defendant was entitled to a reasonable opportunity to repair.

Respondents rely on cases holding that operators of places of amusement to which the public are invited warrant that the premises are reasonably safe for the purposes for which they are designed.

They cite statements from these cases to the effect that the proprietors of such places of amusement owe an active duty to patrons to inspect their premises and to guard against risks which might reasonably be anticipated. These are merely restatements of the well-settled rules of the law of negligence applicable to invitees. The duty placed on theatre proprietors is that of reasonable care. They are not insurers of their patrons' safety. Saying that the proprietors are charged with the duty of " active vigilance " does not mean that some opportunity to discover and remedy the wrong is not to be afforded to the owner of a place of amusement before it is to be held liable.

Respondents rely on the case of *Reinzi* v. *Tilyou* (252 N. Y. 97) to support their right to recover. There the plaintiffs were injured while riding on a wooden horse in a mechanical steeplechase operated in an amusement park in Coney Island. The accident occurred when a stirrup which supported one of the plaintiffs broke. The court held that such danger was inherent in a sport which placed the participants in a state of unstable equilibrium: that proper precautions should be taken against it. It applied the rule of *res ipsa loquitur* because of the conditions surrounding the accident. It said that notice of the danger was enough to charge defendant with notice of the defect. When the case was submitted to the jury no question of notice was presented for their consideration and no request was made for instructions submitting the same. The Court of Appeals accordingly held that the question of notice was not in the case, except as presented by the motion to dismiss. Of course, the application of the rule of *res ipsa loquitur* overcame the failure of plaintiffs to prove notice in so far as the motion to dismiss was concerned. *Reinzi* v. *Tilyou* (*supra*), therefore, is readily distinguishable from the case before us. Here we have no engagement in an inherently dangerous enterprise. Therefore, there was no notice of any danger and the question of notice was in the case for it was expressly raised by exception to the charge.

Another case cited by respondents is that of *Lusk* v. *Peck* (132 App. Div. 426; affd., 199 N. Y. 546). In that case the injury occurred when " bleachers " collapsed in which the plaintiff was sitting while watching a football game. The evidence disclosed that the collapse was due to a gradual rotting of the timbers supporting the " bleachers " which might readily have been discovered on inspection. Thus the element of constructive notice was established from the nature of the defect. What was said in its opinion by the Appellate Division in that case must be read in the light of the facts involved.

Respondents also cite the case of *Redmond* v. *National Horse Show Assn. of America, Ltd.* (78 Misc. 383) as supporting their right

to uphold this judgment. That case is not similar in its facts to the present one. There there was no claim of a defective condition or lack of repair of the premises. The case involved an injury caused by a horse which became unmanageable during a horse show. The case holds that one conducting such a show is bound to guard against all risks which might reasonably be anticipated. The negligence was failure to guard against the danger of an unmanageable horse. The present case involved no question of guarding against a dangerous exhibition, but mere lack of repair of an appurtenance which was not of itself dangerous.

A case quite similar to the present was *Stelter* v. *Cordes* (146 App. Div. 300). There a patron of a bowling alley was injured when he slipped and a splinter on the floor ran into his foot. The court refused to apply the doctrine of *res ipsa loquitur*, and held that because there was no proof of the existence of the splinter for any period of time before the accident, so that proper care might have afforded defendants an opportunity to remove it, or to show that it was of such probable origin that proper inspection could have discovered it, no negligence was shown.

It is unnecessary to review the many other authorities referred to by respondents. None of them justify the rule asserted by the trial court in the present charge.

The determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial ordered, with costs to the appellant in all courts to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Determination of the Appellate Term and the judgment of the City Court unanimously reversed and a new trial ordered, with costs to the appellant in all courts to abide the event.