ANTHONY PITTALUGA, Respondent, v. JEROME DIAMOND, Appellant.— This is an appeal from a judgment of the County Court of Sullivan County in the sum of $1,000. The action is brought to recover for personal injuries sustained by the plaintiff on December 6, 1939, when plaintiff's left hand was caught in the revolving blades of a ventilating fan in the wall of the defendant's bowling alley from which he suffered the injuries for which the judgment has been rendered. The defendant was the proprietor of a bowling alley in the second floor of a build-

ing and the plaintiff had gone to the alleys for the purpose of bowling on a team on which he played. The alleys run from the north to the south and at the front or northerly end of the alleys and at the players' right as they bowl was a row of seats for the players. In back of this row but at right angles to it are tiers of seats for spectators; each row was graded at a higher elevation from the floor. Nearer and to the left of the spectators' seats and above the seats an electric fan had been installed in the wall. The seats of the spectators' benches were full and the plaintiff who stood to the rear right of the last spectators' seats stepped down back of the players' seat, placing his hand on the wall with the intention of descending for the purpose of bowling and his hand slipped and became involved in the ventilating fan causing the injury for which this suit is brought. The plaintiff is five feet eleven inches tall and the fan was five feet seven inches from the floor and the plaintiff did not know about the fan which had been installed but a short time previous. The man installing the fan told the defendant that it should be covered with wire mesh to protect people from getting into its blades when it was running; this was not done. There was evidence that it was the custom to protect such fans with wire mesh. There was a question of fact for the jury on the negligence of the defendant and the contributory negligence of the plaintiff which has been resolved in favor of the plaintiff. The judgment should be affirmed, with costs. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.