DAVID BELKIN, Plaintiff, *v.* PLAYDIUM, INC., Defendant.

City Court of Albany, April 1, 1949.

*James T. Taaffe* for plaintiff.

*Neile F. Towner* and *Thomas Ryan* for defendant.

HERZOG, J. On or about January 17, 1946, the plaintiff's daughter, then Shirley Belkin, now Shirley Adoff, went with her class from Hackett Junior High School to the Playdium, a bowling alley in Albany, New York. The class was part of instruction in physical education and the students were accompanied by a teacher. It appeared that when Shirley arrived at the bowling alley, she was told by the manager or someone in charge that she could not bowl in her street shoes. The teacher also instructed her that she must obey the instructions of the manager. Therefore, since she did not have sufficient funds to rent a pair of bowling shoes, she bowled in her stocking feet. It further appeared that a number of students bowled in this manner, also.

After the students had bowled one game, the class was dismissed. However, Shirley remained to bowl another game with several of her classmates. About halfway through this game, while she was throwing the ball, she slipped and fell and hurt her left leg. She was assisted to her feet by some of her friends and the manager directed her to see a doctor. The next day she went with her mother to the Albany Hospital to see Dr. Howard. X rays were taken and it was determined that the leg was not broken. The doctor strapped her ankle and she was wheeled to the entrance of the hospital. She then started to hop down the steps, being supported by the railing and her mother and fell again, this time breaking her right leg. This action is brought by her father for the medical bills paid by him for both injuries, in the amount of $40. The case was tried by the court without a jury. Therefore, I am both the trier of the fact and judge of the law. The defendant rested at the conclusion of the plaintiff's case. Exact or similar facts do not appear in reported cases so far as the court or the attorneys have been able to ascertain.

The duty owed by places of recreation is well-established. "Persons invited upon payment of an entrance fee to a place of public amusement have the right to assume that they can go there without incurring any risk, which might have been reasonably anticipated by the proprietor. ' It was required that the risks should be minimized to the extent that reasonably prudent men might foresee the necessity of doing so.' *Barrett* v.

*Lake Ontario Beach Improvement Co.,* 174 N. Y. 310. The proprietor or lessee of a place of amusement warrants the premises to be reasonably safe for the purposes for which they were designed. * * * Where, however, a person invites others to come upon his premises to view an exhibition conducted by him for hire, he warrants the reasonable safety of the place, and by reason of that warranty is not under a passive duty merely, but is under an active duty, to guard against all risks which might reasonably be anticipated." (*Redmond* v. *Nat. Horse Show of America, Ltd.,* 78 Misc. 383, 384.) And, " The individual defendant was under a duty, as the owner and operator of a place of entertainment, to see that the premises and devices therein were safe for public use and he is not exonerated merely because he has no precise knowledge of the defective condition." (*Goodacre* v. *Roovers Bros., Inc.,* 254 App. Div. 764.)

There was no evidence introduced to show any defective condition of the premises themselves. The negligence alleged is in the instructions of the manager in directing the infant to bowl in her stocking feet.

I fail to see how the defendant can be liable under the evidence here presented. There is nothing before me to show that it is dangerous to bowl in stocking feet — nor is there shown any knowledge on the part of the defendant of the fact that bowling in that manner is dangerous. (*Stelter* v. *Cordes,* 146 App. Div. 300; *Nabson* v. *Mordall Realty Corp.,* 257 App. Div. 659.)

To hold the defendant liable there must be something to show some negligence on his part, which presumably would be that people fall who bowl in stocking feet. As a matter of fact, the plaintiff's daughter's testimony does not show how she fell or what caused her to fall. It simply appears that she slipped and fell, hurting her leg. Perhaps she might have fallen even if she had bowling shoes on, as from a twist or the impetus of her bowling steps or for some other reason. (*White* v. *Lehigh R. R. Co.,* 220 N. Y. 131.) Therefore, I am forced to the conclusion that:

(1) The plaintiff did not show that the fall occurred because she was bowling in stocking feet, which is the negligence alleged, and

(2) That there is no evidence to show that bowling in stocking feet is dangerous and that the defendant should have known this. Actually the plaintiff's daughter and her friends had bowled approximately one and a half games in their stocking feet and had not fallen. (Of some help on this point are the annotations in 141 A. L. R. 1315 and 22 A. L. R. 610. See, also *Pittaluga* v. *Diamond,* 261 App. Div. 850.)

The cases cited by plaintiff in his most helpful and complete brief all involve a dangerous condition, and the court, in each case, stated that the defendant should have known of its existence and that there were sufficient facts to support the findings of the jury on this point.

Complaint dismissed.