PAUL P. JUNGJOHANN, Appellant, *v.* HOTEL BUFFALO, Respondent.

Fourth Department, April 30, 1958.

*John M. Wilson* for appellant.
*Robert C. Winchell* for respondent.

KIMBALL, J. The plaintiff appealed from a judgment which dismissed his complaint in an action for personal injuries, upon a motion for nonsuit made at the close of the plaintiff's case. We think that the granting of the nonsuit and dismissal of the complaint was error and that the plaintiff had made out a prima facie case of negligence under the doctrine of *res ipsa loquitur*.

The plaintiff's proof showed that he was a guest of the defendant; that he was assigned and occupied a room in the hotel which had a shower bath; that, when using said shower bath, the plaintiff turned the porcelain handle of one of the faucets and that it broke in his hand and cut him. The plaintiff further testified that no one occupied the room but himself; that his room was serviced during the day and that when he turned the handle, he exerted only normal pressure. As part of the plaintiff's case, there was read into the record, the testimony of the manager of the defendant taken before trial. He said that indirectly, he had supervision of the rooms as also did the executive housekeeper. The latter was the employee who would first find what was necessary in the way of maintenance and that she would refer it to the engineer. The manager testified "Of course, the general hotel services go with that accommodation, such as your towels and soap, your regular accommodations you would find in any hotel."

It is our opinion that the evidence adduced by the plaintiff brought the case within the *res ipsa* rule and that the occurrence itself permitted the inference of neglignce. The authoritative cases support our view. The respondent asserts that "The management and control of these faucets were not based exclusively in the defendant" and relies upon the dissenting opinions in *Kane* v. *Ten Eyck Co.* (267 App. Div. 789, 790). The court there affirmed the judgment in favor of the plaintiff and the judgment of the Appellate Division was unanimously affirmed, without opinion (292 N. Y. 701). Upon the motion to set aside the verdict, Mr. Justice BERGAN, the Trial Judge, wrote an able and comprehensive opinion (10 Misc 2d 398). The facts in the *Kane* case are almost identical with those here presented. The plaintiff, a guest of the Ten Eyck Hotel, was injured when the porcelain handle of a bathtub faucet broke upon being turned. It is not necessary to quote at length from the opinion or to cite here the cases relied upon. It is sufficient to point out the basic ground on which rested the court's holding that the facts sustained the invocation of the doctrine of *res ipsa loquitur*. The control of the instrumentality which caused the injury was in the defendant. Justice BERGAN wrote:

"Here plaintiff was a guest in a hotel. The hotel owed him the duty of providing accommodations that were reasonably safe for the use contemplated by the parties and, where it furnished appliances, of furnishing them in such a condition that with ordinary use they would be reasonably safe. The hotel rented the room and appliances and it had them under its exclusive control in respect of installation and maintenance. The hotel retained such control of the equipment it furnished, notwithstanding that it furnished plaintiff with possession of the equipment while he was a guest (*De Wolf* v. *Ford,* 193 N. Y. 397). The room in the inn is regarded as part of 'the house of the innkeeper'. (*Rodgers* v. *People,* 86 N. Y. 360.) * * * there was no division in control or responsibility in the duty of the hotel, having accepted him as a guest, to furnish reasonably safe facilities to this plaintiff. The hotel's duty to plaintiff was singular and it certainly was not divided with plaintiff as defendants argue, at the point where plaintiff assumed occupancy of the room." We are in accord with the above statement of law. For other decisions in which similar principles were applied, see *Schroeder* v. *City & County Sav. Bank of Albany* (293 N. Y. 370); *Nickisch* v. *Madison 34th St. Corp.* (295 N. Y. 833).

The judgment should be reversed and a new trial granted.

All concur. Present—McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.