■ In the Matter of MIECZYSLAW SZYMANSKI, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.—

Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., concurs in the confirmation of the respondent's determination, but dissents as to the punishment imposed upon the petitioner, with the following memorandum: In view of the 30-day suspension of license imposed upon another driver involved in a companion case arising out of the same accident (*Matter of Wattecamps v. Hults*, 13 A D 2d 1009), the revocation of petitioner's license seems harsh and excessive. In my opinion, the punishment should be moderated to a suspension of 30 days.

■ FRIEDA KANE, Respondent, v. JACK & BETTY REALTY CORP., Appellant.—

In our opinion, the evidence was sufficient to establish a prima facie case, and the jury's verdict on the issues submitted may not be disturbed (cf. *Robinson* v. *Church of St. Patrick's*, 269 App. Div. 752; *Kane* v. *Ten Eyck Co.*, 10 Misc 2d 398, affd. 267 App. Div. 789, affd. 292 N. Y. 701; *Jungjohann* v. *Hotel Buffalo*, 5 A D 2d 496). No question of notice of any defect in the chair was presented to the jury for their consideration, and no request was made for instruction on that subject. The question is not in the case, except as presented by the motions to dismiss (cf. *Reinzi* v. *Tilyou*, 252 N. Y. 97, 100). It was for the jury to determine the amount of the damages. On consideration of all the proof, we are unable to say that their determination was disproportionate to the injuries which the plaintiff received. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.