■ PAULA F. RAFFA et al., Appellants, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CAIRO, DURHAM, ATHENS, CATSKILL, COXSACKIE and GREENVILLE, COUNTY OF GREENE, et al., Respondents.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Greene County, and from an order denying a motion to set aside the verdict. Plaintiff paid admission to attend a public basketball game in the school premises owned by the defendant school district and after the game went into the school cafeteria where she bought some food. While seated at a table, the chair gave way and collapsed and she was thrown to the floor, sustaining a herniated intervertebral disc and some injuries to the muscles. Since the chair was in the full control of the defendant and furnished to the plaintiff as a business invitee on the premises, a prima facie showing of negligence was made out when it was shown that the chair collapsed in ordinary use by the plaintiff (Reinzi v. Tilyou, 252 N. Y. 97; Goodacre v. Roovers Bros., 254 App. Div. 764; Lusk v. Peck, 132 App. Div. 426). Although a question of fact arose as to whether or not there should be a recovery, and the case was properly submitted to the jury, the verdict for defendant is against the weight of the evidence in view of the collapse of the defendant's chair, unexplained by it, and the absence of any negligence shown in the way the plaintiff used the chair. On this issue there should, in our view of the record, be a new trial. There was, however, no basis for the motion by plaintiff for a new trial based on a purported untruthful answer by a juror on preliminary examination of the jury and on a purported statement by one of the jurors after the trial. The Judge was entirely right in denying a motion to set aside the verdict on those grounds. Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.