## (July 19, 1973)

■ In the Matter of JAMES MONGITORE et al., Doing Business as JAMES MONGITORE ASSOCIATES, Respondents, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents, and VICTOR DE CURTIS, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered November 8, 1972 in Albany County, which granted petitioners' motion to require their former attorney, De Curtis, to turn over all papers, records, files, briefs, etc. in the above-entitled action to the attorney substituted in his place. Appellant De Curtis was the attorney of record who represented petitioners in a proceeding before the State Tax Commission for a refund and redetermination of unincorporated business taxes. The State Tax Commission decided against petitioners and an appeal was taken. In this court petitioners moved to have another attorney substituted in the place of De Curtis. We granted the application and ordered that petitioners, without prejudice, were to make application to Supreme Court, Albany County, for surrender of all papers applicable to the proceeding before the State Tax Commission. The application was

made, and, solely upon the motion papers, the order from which De Curtis has appealed was granted. Appellant alleges that petitioners owe him $16,500 for legal services and seeks to assert a retaining lien in all petitioners' papers held by him. He argues that this possessory lien is lost by the order of Special Term directing turnover. It is well-settled that at common law an attorney has a retaining lien upon his clients' papers actually in his possession which entitles him to retain the papers until his claim for services is paid (*Matter of Weitling*, 266 N. Y. 184; *Robinson* v. *Rodgers*, 237 N. Y. 467; *Matter of Desmond* v. *Socha*, 38 A D 2d 22, affd. 31 N Y 2d 687), or until it is determined that he is not due any money or that he has been guilty of unprofessional conduct (*Taraborelli* v. *Vinciguerra*, 25 A D 2d 544; *Lebovic* v. *Ballantine & Sons*, 12 A D 2d 494). While Special Term was correct in directing the turnover, since appellant has commenced an action in Supreme Court, Bronx County to determine the amount due him for legal services, if any, an order should be made fixing the amount of security required to protect appellant's retaining lien pending the outcome of the litigation in Bronx County. Accordingly, the order appealed from should be modified, and the matter remitted to Special Term for that purpose. Order modified, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.