WALTER KOWALSKI, Appellant-Respondent, v LOBLAWS, INC., Respondent-Appellant.

Fourth Department, March 1, 1978

## APPEARANCES OF COUNSEL

*Mannie Neri (Irwin Birnbaum* of counsel), for appellant-respondent.

*Arthur M. Green* for respondent-appellant.

## OPINION OF THE COURT

DILLON, J.

Plaintiff appeals from an order setting aside a jury verdict in favor of plaintiff in the sum of $40,000 and ordering a new trial upon the grounds that the verdict was against the weight of the evidence and was excessive. Defendant cross-appeals from so much of the order as denied its motion for judgment notwithstanding the verdict, and which denied its renewed motion for a mistrial on the ground that insurance was mentioned during the trial.

The only witness on the issue of liability was the plaintiff. He testified that on May 11, 1967 while shopping in defendant's store he observed a sign announcing that lawn chairs were on sale. From a stack of folded chairs he removed two and placed them in a shopping cart. He then observed that one of the same type chairs was unfolded and set up in the same area. It was made of tubular aluminum and webbing, and had a back, armrests and a leg and footrest extension. He decided to "try out" the chair and in his effort to sit upon it, he straddled the extension and placed his hands upon the armrests to lower himself into it. As he did, the right side of the chair gave way, the lower right support pieces bent and broke, and the whole chair collapsed. The primary injury alleged by plaintiff as a result of the accident was to his right knee, although he also complained of an injury to his head and pain in his back. He immediately gave the broken chair to the store manager who took a statement from him and also from a store employee who saw the accident. Upon completion of plaintiff's proof the defendant rested without presenting any evidence.

We disagree with the order of the trial court to the extent that it sets aside the jury's determination of the defendant's liability. In our view, plaintiff established a prima facie case. In the absence of any proof to the contrary the jury reasonably could have inferred that the chair was placed on display by the defendant for visual observation and for use by customers to induce them to purchase others of the same kind; that the plaintiff exercised reasonable care in attempting to use the chair for its ordinary purpose; that the chair was in the exclusive control of the defendant; that the defendant had an affirmative duty to exercise reasonable care in

providing a chair that was safe when used for its intended purpose; that the collapse of the chair would not ordinarily occur in the absence of negligence; and that the accident occurred due to the negligence of the defendant (see *Reinzi v Tilyou,* 252 NY 97; *Nosowitz v 75-76 Polk Ave. Corp.,* 34 AD2d 648; *Raffa v Central School Dist. No. 1,* 16 AD2d 855; cf. *Sasso v Randforce Amusement Corp.,* 243 App Div 552).

■ We have considered the other arguments raised by defendant on the liability issue and we find them to be without merit. Worthy of review, however, is defendant's contention that the mention of the name of an insurance company by defendant's former counsel, who was called as a witness by plaintiff, is grounds for reversal and a new trial.

While we recognize that in a negligence action evidence that the defendant carried liability insurance is irrelevant and is generally considered so prejudicial as to require a mistrial *(Oltarsh v Aetna Ins. Co.,* 15 NY2d 111; *Simpson v Foundation Co.,* 201 NY 479; Richardson, Evidence [Prince-10th ed], § 169), we find here that the insurance carrier's name was introduced, albeit only once and without elaboration, as a direct result of the dilatory, lax and improper conduct of the defendant and without any intention on the part of the plaintiff to elicit such information (see *Martenhoff v Wilken,* 246 App Div 884). Additionally, we find that the jury's determination of liability was not influenced by the mere mention of the company's name *(Simpson v Foundation Co.,* 201 NY 479, 490, supra; *Hager v Bushman,* 255 App Div 934).

It appears that in pretrial discovery plaintiff unsuccessfully sought production of photographs of the broken chair which he had reason to believe were in defendant's control. At trial, defendant's counsel insisted that he was unaware of the existence of such photographs and that he could not produce them even though plaintiff had issued a subpoena duces tecum for their production. Left with no alternative, plaintiff called as a witness defendant's former retained counsel who produced a file which contained photographs. He testified that he could not say with certainty that they were photographs of the broken chair in this case. Claiming privilege, the witness declined to hand over the photographs to plaintiff's counsel, and the court permitted him to deliver them to defendant's trial counsel. It does not appear that plaintiff's counsel was ever permitted to see the photographs, and surely he was denied the opportunity to introduce them.

On cross-examination, defendant's counsel elicited that the former counsel had retained the file because he had not been paid. Plaintiff's counsel, who had been frustrated in every attempt to have the photographs produced, then asked: "Who turned the chair photographs over to you?" and the lawyer responded: "Greater New York Mutual Insurance Co., of New York."

■ Since plaintiff had personally seen photographs of the broken chair shortly after the accident when a person who claimed to be a representative of defendant had taken a statement from him, his counsel made an offer of proof to have the plaintiff testify, if the photographs were made available, that they accurately depicted the condition of the broken chair immediately after the accident. Upon the vigorous assertion of defendant's counsel that the photographs had been kept from him by the discharged attorney and that such testimony by plaintiff could not be permitted except upon the laying of a proper foundation by calling as a witness the person who showed the photographs to plaintiff and by connecting him with the defendant, the court improperly denied the plaintiff's offer of proof. It is settled law that photographs may be authenticated by any witness shown to be familiar with the subject portrayed (*Alberti v New York, Lake Erie & Western R. R. Co.,* 118 NY 77; Richardson, Evidence [Prince-10th ed], § 137).

It is in this kind of obstructionist atmosphere that an insurance carrier's name appears in the record. The defendant's duty was to produce relevant documents from the file of the discharged attorney, and the means were available to do so by an appropriate pretrial motion to compel release of the file upon the posting of a bond for the protection of his fee (see *Robinson v Rogers,* 237 NY 467; *Mongitore v Murphy,* 42 AD2d 800; 1 Weinstein-Korn-Miller, NY Civ Prac, par 321.15).

■ We concur, however, in the trial court's finding that the verdict is grossly excessive (see *Rice v Ninacs,* 34 AD2d 388). While there is undisputed testimony in the record that the plaintiff sustained a permanent injury to the cartilage under the surface of his right kneecap, he made only intermittent visits to the doctor and his total medical expense amounted to $120. He proved no lost wages or other special damages. It was shown, however, that many of the recreational activities which he previously enjoyed will now be substantially curtailed because of the knee injury. There must be a new trial

on the issue of damages only, unless the plaintiff stipulates to reduce the verdict to $7,500.

The order should be modified in accordance with this opinion.

MARSH, P. J., CARDAMONE, HANCOCK, JR., and WITMER, JJ., concur.

Order unanimously modified on the facts to provide that a new trial be granted on the issue of damages only unless plaintiff shall, within 10 days from the date of service of a copy of the order herein with notice of entry, stipulate to reduce the verdict to the sum of $7,500, in which case the verdict, as modified, is reinstated, and otherwise order affirmed, without costs.