■ Ruth Burstein et al., Appellants, v Richmond Memorial Hospital and Health Center, Respondent.—Judgment, Supreme Court, New York County (William Davis, J.), rendered June 5, 1989, upon a jury verdict in favor of defendant, unanimously affirmed, without costs. Appeal from the order of the same court entered on February 15, 1989, denying plaintiffs' motion, *inter alia,* to set aside the verdict, is dismissed as subsumed with the appeal from the final judgment, without costs.

Plaintiff and his wife commenced this negligence action against defendant Richmond Memorial Hospital and Health Center for injuries purportedly received when he fell off a stretcher following surgery.

Two years prior to plaintiff's admission for a colonoscopy, plaintiff was diagnosed as suffering from a severe debilitating neurological disease known as "Guillain-Barré syndrome" which left him temporarily paralyzed, and required that he undergo an extensive physical rehabilitation regimen. At the time of the operation, plaintiff was still suffering the effects of the disease and required the use of a wheelchair to move about. As plaintiff was being wheeled into surgery on a stretcher he noticed it was "shimmying" and "wobbling" and pointed this out to the patient aide wheeling it. During postoperative recovery, the stretcher suddenly collapsed, causing plaintiff to fall and sustain some bruises. Although plaintiff claimed his rehabilitative progress was hampered or set back by the fall, he offered no medical expert testimony on this issue.

On appeal, plaintiffs contend the trial court erred in its refusal to grant a missing witness charge as to a registered nurse to whom he may have expressed concern about the condition of the stretcher, and to the court's granting of such a charge with respect to plaintiff's treating neurological physician. In view of plaintiff's own testimony that he had told a patient aide and not a nurse about the condition of the stretcher, he was not entitled to the requested missing witness

charge. *(See, Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647.)* Even if it was error to give a missing witness charge as to the physician who acted as a neurological consultant for plaintiff's treating physician, the error was harmless since that witness pertained only to damages and the jury verdict rested on a finding of no liability.

Expert testimony was properly admitted to demonstrate that the collapse of the stretcher was caused by a manufacturing design defect which was not readily discoverable, and was not the result of defendant's improper inspection and maintenance. In view of this evidence, the court correctly refused to charge res ipsa loquitur doctrine. *(See, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219.)*

We have considered plaintiffs' remaining claims and find them to be without merit. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.