■ DIANE FINOCCHIO, Appellant, v CREST HOLLOW CLUB AT WOODBURY, INC., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), dated August 21, 1990, which, upon a jury verdict in favor of the defendant on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In the evening of August 22, 1986, the plaintiff was attending a wedding reception at the Crest Hollow Country Club at Woodbury. She had been in the dining room approximately 30 to 45 minutes, and was seated, conversing with another guest, when the right side of her chair suddenly collapsed. She landed on the floor, allegedly sustaining injuries to her right knee and shoulder. The record establishes that the chair collapsed because the legs on the right-hand side became completely separated from the seat. One of the defendant's

employees removed the chair from the dining room immediately after the accident. The defendant did not offer any evidence at the trial.

The plaintiff requested a jury charge on the doctrine of res ipsa loquitur *(see,* PJI 2:65). The court denied the request, finding the doctrine inapplicable because the chair was not in the exclusive control of the defendant. The jury thereafter returned a unanimous verdict in favor of the defendant.

The doctrine of res ipsa loquitur involves a common sense application of the rules pertaining to circumstantial evidence in negligence cases having particular characteristics. Recognizing from our everyday experience that certain accidents do not ordinarily happen in the absence of negligence, the doctrine permits, but does not require, the jury to draw an inference of negligence against the defendant as long as the following three elements exist: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence, (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff *(see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219).

The refusal by the court to give the requested charge was based on an overly rigid interpretation of the requirement of exclusive control. As is generally understood, the purpose of this requirement is simply to eliminate, within reason, all explanations for the accident other than the defendant's negligence. This does not mean that other possible causes must be altogether eliminated "but only that their likelihood must be so reduced that the greater probability lies at defendant's door" *(Dermatossian v New York City Tr. Auth., supra,* at 227, citing 2 Harper and James, Torts § 19.7, at 1086).

The evidence of the defendant's exclusive control was sufficient under the circumstances of this case to warrant submission to the jury on the plaintiff's theory of res ipsa loquitur *(see, Sasso v Randforce Amusement Corp.,* 243 App Div 552; *see also, Kane v Jack & Betty Realty Corp.,* 14 AD2d 885; *Raffa v Central School Dist. No. 1,* 16 AD2d 855; *Kowalski v Loblaws, Inc.,* 61 AD2d 340). The defendant was under an affirmative duty to use reasonable care in making sure that the chair it provided was safe for the purpose for which it was to be used. That the plaintiff had temporary possession of the chair does not negate the inference that its sudden collapse, under

normal usage, was most likely caused by the defendant's negligence *(see, Nosowitz v 75-76 Polk Ave. Corp.,* 34 AD2d 648, 649; *Jungjohann v Hotel Buffalo,* 5 AD2d 496). The defendant, whose employees took possession of the chair immediately after the accident, offered no evidence to support an inference of some other possible cause for the accident, such as a manufacturing design defect *(see, Burstein v Richmond Mem. Hosp. & Health Ctr.,* 167 AD2d 151, 152), or the act of a third person with access to the instrumentality *(see, Ebanks v New York City Tr. Auth., supra)* which was just as likely a cause as the defendant's negligence. Accordingly, the plaintiff is entitled to a new trial. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.