■ PATRICIA DeSIMONE et al., Appellants, v INSERRA SUPERMARKETS, INC., Respondent. [615 NYS2d 528] —Mercure, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Su-

preme Court (Lefkowitz, J.), entered May 29, 1992 in Rockland County, upon a verdict rendered in favor of defendant.

Plaintiffs brought this negligence action to recover for injuries allegedly sustained by plaintiff Patricia DeSimone (hereinafter plaintiff) when a bottle of fruit juice broke in her hand in defendant's retail supermarket. Following trial, a jury rendered a verdict in favor of defendant. Plaintiffs appeal, alleging that Supreme Court erred in refusing to charge res ipsa loquitur and that the jury verdict is against the weight of the evidence. We disagree and accordingly affirm.

Submission of the case on the theory of res ipsa loquitur would have been warranted only if plaintiffs were able to establish that (1) the event is of a kind that ordinarily would not occur absent someone's negligence, (2) defendant had exclusive control of the instrumentality or agency causing the event, and (3) the event was not due to any voluntary action or contribution on plaintiff's part *(see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Finocchio v Crest Hollow Club,* 184 AD2d 491). The second element is established by showing a degree of exclusivity such that there is a greater probability that the negligent act was caused by the defendant than by someone else *(see, supra; Cameron v Bohack Co.,* 27 AD2d 362, 364); it is not established "where it is at least equally probable that the negligence involved was that of someone other than the defendant" *(Fleischer v Melmarkets, Inc.,* 174 AD2d 647, 648).

Here, the trial evidence establishes that the juice bottle broke when plaintiff removed it from the store shelf and did not, as characterized by plaintiff, explode. As such, defendant's negligence was no more likely a causative agent than plaintiff's own conduct *(see, supra,* at 648; *cf., Hyams v King Kullen Grocery Co.,* 20 AD2d 657). Additionally, the element of exclusive control is lacking *(see, Ebanks v New York City Tr. Auth., supra; Fleischer v Melmarkets, Inc., supra; Cameron v Bohack Co., supra; compare, Finocchio v Crest Hollow Club, supra)* because any number of other customers had access to the bottle in the hours between the 7:00 A.M. store opening and the 3:00 P.M. incident.

Finally, based on the record, it cannot be said that a jury could not have reached a verdict in defendant's favor by any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Fleischer v Melmarkets, Inc., supra; Nicastro v Park,* 113 AD2d 129, 134). Rather, the jury could have inferred from the trial evidence that defendant neither

created nor had actual or constructive notice of the dangerous condition that caused plaintiff's injuries *(see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670).

White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.