Draper v State of New York (2021 NY Slip Op 04163)





Draper v State of New York


2021 NY Slip Op 04163


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

526778
[*1]John Draper, Appellant,
v
State of New York, Respondent.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John Draper, Beacon, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Court of Claims (Mignano, J.), entered March 16, 2018, upon a dismissal of the claim at the close of claimant's proof.
Claimant was sitting in a plastic chair in the recreation room at the correctional facility where he is incarcerated when the plastic chair broke beneath him, causing him to fall to the floor and allegedly sustain injuries. Claimant commenced this claim alleging that defendant was negligent and careless for permitting the use of the plastic chair, knowing that it created an unsafe condition. A trial ensued, at which claimant further alleged that the doctrine of res ipsa loquitor was applicable under the circumstances to permit an inference of negligence. At the close of claimant's proof, defendant moved to dismiss the claim and rested the defense case without presenting evidence. The Court of Claims found that claimant failed to establish a prima facie case because, among other things, the doctrine of res ipsa loquitor was inapplicable and granted defendant's motion to dismiss. Claimant appeals.
Claimant's sole contention on appeal is that the Court of Claims erred in holding that the doctrine of res ipsa loquitor was inapplicable. We agree. "Res ipsa loquitur is neither a theory of liability nor a presumption of liability, but instead is simply a permitted inference — that the trier of fact may accept or reject — reflecting a 'common-sense application of the probative value of circumstantial evidence'" (Brumberg v Cipriani USA, Inc., 110 AD3d 1198, 1200 [2013], quoting Abbott v Page Airways, 23 NY2d 502, 512 [1969] [citations omitted]). "To establish an inference of negligence pursuant to res ipsa loquitur, (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the [claimant]" (Greater Binghamton Dev., LLC v Stellar 83 Court, LLC, 173 AD3d 1512, 1512 [2019] [internal quotation marks, brackets and citations omitted]). "Only when these essential elements have been established, after the [claimant] has first demonstrated the nature of the instrumentality which caused the injury and its connection with the defendant, does a prima facie case of negligence exist" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227 [1986] [citations omitted]; accord Rondeau v Georgia Pacific Corp., 29 AD3d 1066, 1069 [2006]).
It is the exclusive control requirement that is at issue here. To that end, this requirement, "as generally understood, is that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it. The purpose is simply to eliminate within reason all explanations for the injury other than the defendant's negligence. The requirement [*2]does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door" (Dermatossian v New York City Tr. Auth., 67 NY2d at 227 [internal quotation marks and citations omitted]; see Norton v Albany County Airport Auth., 52 AD3d 871, 875 [2008]).
Here, the evidence of defendant's exclusive control, under the circumstances of this case, was sufficiently established (see Finocchio v Crest Hollow Club at Woodbury, 184 AD2d 491, 493 [1992]; Kowalski v Loblaws, Inc., 61 AD2d 340, 342-343 [1978]; Raffa v Central School Dist. No. 1, 16 AD2d 855, 855 [1962]). Indeed, "[a]s a species of circumstantial proof, . . . res ipsa [loquitor] does not depend on a showing that the instrumentality causing the harm was within the defendant's exclusive control; it is enough that the degree of dominion be such that the defendant can be identified with probability as the party responsible for the injury produced" (Quinn v State of New York, 61 AD2d 850, 851 [1978]).
In the absence of any proof to the contrary, claimant established that his fall occurred in the recreation room at Coxsackie Correctional Facility where claimant and other inmates were in the recreation room watching an "institutional movie." Claimant testified that, approximately 15 minutes into the movie, the plastic chair that he was sitting on "exploded" underneath him when both of the rear legs of the chair broke off at the same time, causing him to fall to the concrete floor and sustain injuries. Certainly, defendant was "under an affirmative duty to use reasonable care in making sure that the chair it provided was safe for the purpose for which it was to be used. That [claimant] had temporary possession of the chair does not negate the inference that its sudden collapse, under normal usage, was most likely caused by defendant's negligence" (Finocchio v Crest Hollow Club at Woodbury, 184 AD2d at 492-493 [citations omitted]; see Elsawi v Saratoga Springs City Sch. Dist., 179 AD3d 1186, 1187 [2020]). Moreover, defendant, who no doubt had sole and exclusive possession of the chair immediately after the accident, failed to offer any evidence to support an inference of any other possible explanation for the accident (see Finocchio v Crest Hollow Club at Woodbury, 184 AD2d at 493; compare Ebanks v New York City Tr. Auth., 70 NY2d 621, 623 [1987]; Burstein v Richmond Mem. Hosp. & Health Ctr., 167 AD2d 151, 152 [1990]). Therefore, we find that res ipsa loquitor should have been applied and the Court of Claims erred in granting defendant's motion to dismiss. Accordingly, we reverse, holding that defendant did have exclusive control over the chair in the prison recreation room and, inasmuch as the two additional elements of res ipsa loquitor have been established, the inference is applicable. Furthermore, given that judgment was rendered "after a nonjury trial [and] the record is sufficient [*3]to support a dispositive determination" (Maisto v State of New York, ___ AD3d ___, ___, 2021 NY Slip Op 03350, *3 [2021]), based upon our further review of the record and the permissive inference occasioned by res ipsa loquitor, we find, by a preponderance of the evidence, that defendant was negligent and remit for a trial to determine the amount of damages due claimant.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, defendant's motion denied, judgment entered in favor of claimant on the issue of liability and matter remitted to the Court of Claims for a trial on the issue of damages.